## SHANFEROKE COAL & SUPPLY CORP. *v.* WEST-CHESTER SERVICE CORP.

No. 211.   Argued December 7, 1934.—Decided January 7, 1935.

*Mr. Alfred B. Nathan* for petitioner.

*Mr. Ernest E. Wheeler,* with whom *Mr. Ralph Royall* was on the brief, for respondent.

450

Mr. Justice Brandeis delivered the opinion of the Court.

This action was brought by the Shanferoke Coal & Supply Corporation, a citizen of Delaware, in the federal court for southern New York against the Westchester Service Corporation, a citizen of the latter State. The declaration alleged that the defendant had by a contract in writing agreed to purchase from the plaintiff a large quantity of coal to be taken in instalments throughout a period of years; and that the defendant had, after accepting part of the coal, repudiated the contract. The defendant set up in its answer, as a special defense, that prior to the commencement of the action a dispute had arisen concerning the construction of the contract, the rights and duties of the respective parties thereunder and its performance; that the contract contained an arbitration clause; and that prior to the commencement of the action the defendant had notified the plaintiff of its readiness and willingness to submit the dispute to arbitration and ever since had been ready and willing to do so; but that the plaintiff had refused to proceed with the arbitration. The defendant then moved that the action, and all proceedings therein, be stayed until an arbitration should be had in accordance with the terms of the contract sued on. The motion was heard on affidavits and counter affidavits.

The arbitration clause is as follows:

"In case any dispute should arise between the Buyer and Seller as to the performance of any of the terms of this agreement, such dispute shall be arbitrated and the cost thereof shall be borne equally by both parties. The Buyer and the Seller shall each appoint one arbitrator and the two arbitrators so appointed shall select a third arbitrator and the decision of a majority of the three arbitrators shall be final and conclusive on both parties.

In case for any reason any such arbitration shall fail to proceed to a final award, either party may apply to the Supreme Court of the State of New York for an order compelling the specific performance of this arbitration agreement in accordance with the arbitration laws of the State of New York."

The District Court interpreted the clause as making the arbitration enforceable only in state courts of New York; and on that ground denied the stay. On an appeal from the order of denial, the Court of Appeals held that even if the clause should be so interpreted, § 3 of the United States Arbitration Act authorized the stay.[1] It, therefore, reversed the order and directed the District Court to grant the stay, with leave to that court " to vacate it at any time, should it appear that the defendant is in default in proceeding with the arbitration." 70 F. (2d) 297. This Court granted certiorari.

*First.* The order of the District Court denying the stay was not a final judgment appealable under § 128 of the Judicial Code. Being an interlocutory order, it was appealable to the Circuit Court of Appeals under § 129, only if the denial of the stay should be deemed the denial of an injunction. Compare *General Electric Co.* v. *Marvel Co.,* 287 U. S. 430, 432. That question we must first determine although it was not raised below or by counsel here. See *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379,

[1] Act of February 12, 1925, c. 213, § 3, 43 Stat: 883: " If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

382. For the reasons stated in *Enelow* v. *New York Life Ins. Co.,* decided this day, *ante,* p. 379, an order granting or denying a stay based on an equitable defense or cross-bill interposed in an action at law under § 274b, is appealable under § 129. We are of the opinion that the special defense setting up the arbitration agreement is an equitable defense or cross-bill within the meaning of § 274b; and that the motion for a stay is an application for an interlocutory injunction based on the special defense. Compare *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109, 121. As bearing on this question of jurisdiction on appeal it is immaterial whether or not the terms of the contract sued on would preclude entry in a federal court of a decree for specific performance of the arbitration. Since the appeal here in question was taken within thirty days from the entry of the order denying the stay, the Court of Appeals had jurisdiction under § 129.

*Second.* The plaintiff contends that the District Court was without power to grant the stay, because the contract provides that arbitration can be compelled only by proceedings in a state court of New York. The provision is that " either party may apply to the Supreme Court of the State of New York for an order compelling specific performance of this arbitration agreement in accordance with the arbitration law of the State of New York." The contract does not in terms prohibit proceedings in the federal court. Whether it should be construed so as to exclude the bringing of a suit in the federal court to compel specific performance of the agreement to arbitrate, we have no occasion to decide. For the District Court was not asked, in the proceedings now under review, to compel specific performance. The motion was to stay the action until arbitration shall have been had; and the direction of the Court of Appeals was limited to granting a stay. Section 3 of the United States Arbitra-

tion Act provides broadly that the court may " stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." We think the Court of Appeals was clearly right in concluding that there is no reason to imply that the power to grant a stay is conditioned upon the existence of power to compel arbitration in accordance with § 4 of the Act.[2] *Marine Transit Corp. v. Dreyfus*, 284 U. S. 263, 274, is not to the contrary. There is, on the other hand, strong reason for construing the clause as permitting the federal court to order a stay even when it cannot compel the arbitration. For otherwise, despite congressional approval of arbitration, it would be impossible to secure a stay of an action in the federal courts when the arbitration agreement provides for compulsory proceedings exclusively in the state courts; since only in exceptional circumstances may a state court enjoin proceedings begun in a federal court. See *Central National Bank* v. *Stevens,* 169 U. S. 432. Compare § 265 of the Judicial Code; *Kline* v. *Burke Construction Co.,* 260 U. S. 226.

*Third.* The plaintiff also contends that the defendant was not entitled to a stay because its answer raised no arbitrable issues; and because, on the facts developed by the affidavits, the defendant appears to have waived its rights under the arbitration clause by unreasonable delay

---

[2] In the lower federal courts there has been some difference of opinion as to whether a stay should be granted when the court is not in a position to compel arbitration. Compare *Danielsen* v. *Entre Rios Ry. Co.,* 22 F. (2d) 326, 328, with *The Silverbrook,* 18 F. (2d) 144. See, too, *The Beechwood,* 35 F. (2d) 41; *The Volsinio,* 32 F. (2d) 357, 358; *Ex parte De Simone,* 36 F. (2d) 773; *The Fredensbro,* 18 F. (2d) 983. Interpretations of the English arbitration statutes are in accord with the view adopted here. See *Law* v. *Garrett,* L. R. 8 Ch. Div. 26 (C. A.); *Austrian Lloyd S. S. Co.* v. *Gresham Life Assurance Society,* [1903] 1 K. B. 249; *Kirchner & Co.* v. *Gruban,* [1909] 1 Ch. Div. 413; *The Cap Blanco,* [1913] Pro. Div. 130.

454

in demanding arbitration.  The reasons why these contentions are without merit are sufficiently stated in the opinion of the Court of Appeals.

*Affirmed.*