## THE QUARRINGTON COURT.
### In re COURT LINE, Limited.

District Court, S. D. New York.
Sept. 16, 1938.

Haight, Griffin, Deming & Gardner, of New York City (Wharton Poor and David L. Corbin, both of New York City, of counsel), for petitioner.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. deGrove Potter, of New York City, of counsel), for claimant.

PATTERSON, District Judge.

The petitioner in a proceeding for limitation of liability made a motion to restrain a claimant, Isthmiam Steamship Company, from taking further steps in the proceeding pending arbitration of the controversy between them.

On December 8, 1937 the steamship Quarrington Court sank in the Red Sea and along with her cargo became a total loss. The vessel was owned by Court Line, Ltd., and was under charter at the time to Isthmiam Steamship Company. The charter party carried a clause to the effect that any disputes arising between the parties should be decided by arbitration in London. In May 1938 several owners of cargo filed a libel in this court against the charterer and the owner, claiming damages in excess of $400,000 for cargo lost when the vessel went down. In that suit the charterer filed

a third party petition against the owner, claiming that in case the charterer should be held liable for loss of cargo it would be entitled to recover over from the owner because of provisions in the charter party.

Faced with these claims the owner on June 2, 1938 brought a petition for limitation of liability, claiming also exoneration from liability, pursuant to sections 4283–4285 of the Revised Statutes as lately amended, 46 U.S.C.A. §§ 183–185, and the Admiralty Rules, 28 U.S.C.A. following section 723. Bond for $18,000 was filed, representing the value of pending freight. On this petition the court issued the usual monition calling on all claimants to file claims in the proceeding, and also the usual injunction against other suits and proceedings. On June 9, 1938 the owner filed an amendment to the petition, calling attention to the arbitration clause in the charter party and demanding that in case the charterer should file claim all proceedings relative to such claim should be stayed pending arbitration in London. The charterer later filed claim in the limitation proceeding. The claim was in two parts, one for $75,000 as loss of freight and one for indemnity against claims by cargo owners. The cargo owners also filed claims. The charterer and cargo owners interposed answers to the petition. The petitioner then brought on the present motion to stay the charterer from taking any further steps pending arbitration of the controversy between them in London. The charterer and the other claimants oppose the motion.

The motion is made under section 3 of the Arbitration Act, 9 U.S.C.A. § 3: "Stay of proceedings where issue therein referable to arbitration. If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

One of the issues presented by the limitation proceeding is whether the owner is liable to the charterer for damages caused by the disaster. Another issue is whether the liability, if it exists, may be limited. Since both of these issues arise by reason of the charter party, they clearly are disputes which the owner and the charterer agreed to try by arbitration. The transaction was maritime in character. The fact that the arbitration agreed upon in the charter party is to be held in a foreign country does not prejudice the owner's right to a stay of proceedings in this court. See Shanferoke Coal & Supply Corporation v. Westchester Service Corporation, 293 U. S. 449, 55 S.Ct. 313, 79 L.Ed. 583. It follows that the owner is entitled to a stay pending arbitration, unless the owner must be taken to have waived arbitration by resorting to the remedy given by the limitation of liability statute, a remedy which it still seeks to avail itself of.

The question has its difficulties. As the charterer points out, a proceeding in the admiralty court to limit liability is a remedy expressly provided by the statute creating the right to limit as well as by the Admiralty Rules, and the courts have laid it down in strong terms that once the owner avails himself of the remedy the jurisdiction of the court in which the proceeding is brought becomes exclusive, and that suits in other courts against the owner in respect to the same matter must be stayed. Providence & New York S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038; Butler v. Boston S. S. Co., 130 U.S. 527, 9 S.Ct. 612, 32 L.Ed. 1017; The San Pedro, Metropolitan Redwood Lumber Co. v. Doe, 223 U.S. 365, 32 S.Ct. 275, 56 L.Ed. 473, Ann.Cas.1913D, 1221. These statements, however, have been made in cases where the owner, having instituted limitation proceeding, was asking that proceedings against him in other courts be restrained, in order to get adequate protection of his right to limit his liability. Even where it is the owner who demands injunction, the strict rule against countenancing suits in other courts has been relaxed in the "single claim" cases, at least to the extent of permitting an action brought against the owner and triable by jury in another court to proceed up to the point of determining whether there is any liability. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096. But however rigid the rule, there can be no doubt that the owner may if he chooses forego his remedy of having the extent of his liability decided

exclusively in a limitation proceeding. The Benefactor, 103 U.S. 239, 26 L.Ed. 351; The Scotland, 105 U.S. 24, 26 L.Ed. 1001. In the present case the owner does not insist on having the merits of his controversy with the charterer decided in the limitation proceeding. I can see nothing inherently inconsistent between maintenance of a proceeding by the owner to limit liability as to claimants in general, to the end that the rights of those claimants may be decided by the admiralty court, and maintenance of an arbitration proceeding with one claimant who had agreed with the owner to arbitrate, to the end that the merits between these two may be decided by arbitrators. If an owner may make a settlement with one claimant and fight out the limitation proceeding with the other claimants, why may he not arbitrate with one claimant and fight out the merits in the courts with the others? It is not a long step further to say that the owner may enforce an agreement made in advance to arbitrate with one claimant and at the same time maintain a limitation proceeding as to claimants with whom he has no agreement to arbitrate. The result of any arbitration will not of course be permitted to affect other claimants injuriously. The controversy between the owner and the charterer is one that falls squarely within the terms of section 3 of the Arbitration Act, and there is no reason why conditions not set forth in the section should be read into it. Shanferoke Coal & Supply Co. v. Westchester Service Corporation, 293 U.S. 449, 453, 55 S.Ct. 313, 79 L.Ed. 583. The owner is not in default in proceeding with arbitration and has done nothing inconsistent with the right to insist upon arbitration. I am of opinion that the owner is entitled to the stay asked for.

Matter of Young v. Crescent Development Co., 240 N.Y. 244, 148 N.E. 510, leans the other way. It was held, Mr. Justice Cardozo dissenting, that contractors who filed mechanics liens "set out on a course so inconsistent with arbitration that they must be regarded as having decisively elected to waive and abandon their right to that course" (page 249, 148 N.E. page 510). The effect of the decision has since been overcome by legislation. New York Lien Law, Consol.Laws, c. 33, § 35.

The present case is different from the Nidaros Case, Nidaros v. Steamship Owners Operating Co., D.C., 25 F.Supp. 663, decided today. There the libellant brought an ordinary suit in personam, to recover on a claim which it had agreed in advance to try on arbitration, and the respondent answered on the merits. There was no sense in commencing suit if the libellant meant to adhere to the agreement for arbitration. The two remedies were utterly inconsistent. In the present case the commencement of the proceeding for limitation of liability did not necessarily mean that the owner repudiated the agreement to arbitrate.

The motion for the stay will be granted. The claimants' exceptions to the amendment to the petition will be overruled.