## DONAHUE v. SUSQUEHANNA COLLIERIES CO.

### No. 1095.

District Court, Middle District of Pennsylvania.

April 13, 1943.

Fahey & Casper, of Wilkes Barre, Pa., for plaintiff.

Bedford, Waller, Jones & Darling, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

The plaintiff brought this action in behalf of himself and as agent for certain other employees of the defendant to recover unpaid overtime compensation and an amount equal thereto as liquidated damages pursuant to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., § 216(b). Prior to the time for filing an answer as extended by the Court, the defendant filed an application for a stay of the trial of the action and all proceedings pending arbitration pursuant to the contract of employment entered into between the defendant and the plaintiff-employees.

It is the defendant's contention that its application is authorized by the provisions of Section 3 of the United States Arbitration Act, 9 U.S.C.A. § 3, which provides that "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court * * * shall on application of one of the parties stay the trial of the action until such arbitration has been had * * * providing the applicant for the stay is not in default in proceeding with such arbitration." The

authority conferred upon the Court by this section is clearly limited to staying the *trial* of the action and does not authorize a general stay of the proceedings.

Section 2 of the United States Arbitration Act, 9 U.S.C.A. § 2, insofar as here pertinent, provides that "A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract * * * shall be valid, irrevocable, and enforceable * * *." It is apparent that the employment contract here under consideration does not evidence a "transaction involving commerce" within the meaning of Section 2. Therefore, if Section 3 is limited in its operation to those arbitration agreements which are defined in Section 2, the defendant's application must be denied. The defendant contends that the general language of Section 3 is sufficiently broad to authorize a stay of the trial of this action even though the contract involved is not within the provisions of Section 2. In support of this contention the defendant cites the case of Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 2 Cir., 70 F.2d 297, affirmed 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583. That case involved a contract for the sale of coal which was to be shipped in interstate commerce by the terms of the contract. The arbitration clause of the contract contained language which, for the purpose of the decision, was construed to confine the parties to an arbitration in the Supreme Court of New York. Such restriction rendered the arbitration provision of the contract unenforceable under Section 4 of the United States Arbitration Act, 9 U.S.C.A. § 4. The Shanferoke case, therefore, involved an arbitration agreement valid, irrevocable, and enforceable under the provisions of Section 2, but the agreement, for the purposes of the decision, was construed to be unenforceable under the provisions of Section 4. The Circuit Court of Appeals for the Second Circuit decided that a stay of trial could be granted under the provisions of Section 3 even though the district court could not enforce the provisions of the agreement under Section 4. This decision was affirmed by the Supreme Court of the United States. However, the opinion of the Circuit Court of Appeals contains a discussion of the question of whether or not Section 3 is limited to arbitration agreements defined in Section 2 and a statement of the conclusion of the court that Section 3 is not so limited. This discussion and conclusion were expressly stated to be unnecessary to the decision (70 F.2d at page 299) and the Supreme Court in affirming the decision of the Circuit Court did not refer to the question. Since its decision in the Shanferoke case, the Circuit Court of Appeals for the Second Circuit has considered the question of granting a stay of trial where the arbitration agreement was one defined by Section 2 but unenforceable under Section 4 in the following cases: In re Pahlberg Petition, 131 F.2d 968; Kulukundis Shipping Co., S/A v. Amtorg Trading Corporation, 126 F.2d 978. In these cases there is no reference to the dictum in the Shanferoke case, and the language used in the Kulukundis case indicates that the Circuit Court of Appeals now doubts the correctness of that dictum. In the Kulukundis case, 126 F.2d at page 986, the Court states, "It is clear then that, even assuming, arguendo, that a contract could be drawn containing an arbitration clause sufficiently broad to include a controversy as to whether the minds of the parties had ever met concerning the making of the very contract which embodies the arbitration clause, such a clause would not be within the Arbitration Act. Accordingly, it perhaps would not be immunized from the prestatutory rules inimical to arbitration, i. e., would not serve as the basis of a stay of the suit on the contract, leaving the parties to the arbitration called for by their agreement." And on page 988 of 126 F.2d, "The Arbitration Act has eliminated the hostility to an executory arbitration agreement coming within Section 2 * * *." Consequently, the dictum in the Shanferoke case cannot be given the weight which it might otherwise be given.

The question *sub judice* has been considered several times by the district courts and, in all the cases which have been brought to my attention, the ruling has been that a stay of trial can be granted only where the arbitration agreement is one within the provisions of Section 2. Karno-Smith Co. v. School District of City of Scranton, D.C., 44 F.Supp. 860; (decided in this district); In re Cold Metal Process Co., D.C., 9 F.Supp. 992; Zip Mfg. Co. v. Pep Mfg. Co., D.C., 44 F.2d 184. In Voutrey v. General Baking Co., D.C., 39 F.Supp. 974, a petition for a stay of proceedings pending arbitration was

denied in a case involving substantially the same facts as are here under consideration, although the court did not refer to the United States Arbitration Act.

It is, therefore, my conclusion that Section 3 of the United States Arbitration Act is limited in its operation to those arbitration agreements which are defined in Section 2 and, therefore, the provisions of Section 3 of the United States Arbitration Act are not applicable here and the Court is without power to grant the application for a stay of the trial of the action and of the proceedings pending arbitration.

Now, April 13, 1943, it is ordered that the application of the defendant filed March 26, 1943, for a stay until arbitration has been had be, and it is hereby, denied.