**Application of SUSQUEHANNA COLLIERIES CO.**

**No. 1152.**

District Court, Middle District of Pennsylvania.

April 13, 1943.

Bedford, Waller, Jones & Darling, of Scranton, Pa., for Susquehanna Collieries Co.

Fahey & Casper, of Wilkes Barre, Pa., for Gerald Donahue.

WATSON, District Judge.

This action was brought by the Susquehanna Collieries Company pursuant to the provisions of Section 4 of the United States Arbitration Act, 9 U.S.C.A. § 4. Answer thereto was filed and the matter was submitted by the parties for disposition.

The Susquehanna Collieries Company seeks, by this proceeding, to obtain an order compelling arbitration of a controversy upon which suit was brought in this Court in a case captioned Gerald Donahue v. Susquehanna Collieries Company, 49 F.Supp. 843. That suit involves a claim under Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216, and the suit was brought to recover for the plaintiff and those whom plaintiff represents compensation for overtime work which is allegedly unpaid and liquidated damages. The contract upon which this proceeding is based is the agreement of May 20, 1941 entered into between the International Union and Districts 1, 7, and 9 of the United Mine Workers of America as parties of the first part, and the Anthracite Operators as parties of the second part. The agreement is limited to the matter of wages and conditions of employment in the anthracite coal fields of Pennsylvania. Paragraph IV of the Award of 1903 of the Anthracite coal Strike Commission which is incorporated by reference in the agreement of May 20, 1941, provides for a Board of Conciliation, and for the submission to that Board of certain types of controversies. This paragraph is the "written agreement for arbitration" which the Susquehanna Collieries Company contends brings Section 4 of the United States Arbitration Act into operation.

Section 2 of the United States Arbitration Act, 9 U.S.C.A. § 2 provides that "A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy

thereafter arising out of such contract * * * shall be valid, irrevocable, and enforceable * * *." Section 1, 9 U.S.C.A. § 1, provides that " 'commerce,' as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation * * *".

There is nothing in the contract here under consideration to indicate that the employment of the plaintiff and those whom plaintiff represents involves "commerce". Therefore, the contract does not evidence a "transaction involving commerce" within the meaning of Section 2 and in the light of the definition of "commerce" in Section 1. Consequently, the members of the United Mine Workers of America cannot be forced, under the provisions of the United States Arbitration Act to submit to the Board of Conciliation provided for in their contract of May 20, 1941, disputes as to their rights to overtime compensation arising under the provisions of the Fair Labor Standards Act of 1938.

Now, April 13, 1943, it is ordered that the application of Susquehanna Collieries Company for an order directing arbitration be, and it is hereby, denied and the proceedings in this case are hereby dismissed.