## PIONEER TRUST & SAVINGS BANK v. SCREW MACHINE PRODUCTS CO.

### Civ. A. No. 4457.

District Court, E. D. Wisconsin.

Sept. 26, 1947.

Gerald P. Hayes and John A. Kluwin, both of Milwaukee, Wis., for plaintiff.

Adolph I. Mandelker and Francis H. Parson, both of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

In this action plaintiff demands judgment for $26,250 which it claims to be due from defendant for minimum royalty payments for the year 1946, pursuant to the terms of a certain license agreement dated December 30, 1944. Article XVII of said contract reads:

"If any controversy shall arise between the parties as to the obligations or the

performance of any obligation under this agreement, the matter in controversy shall be submitted, at the option of either party, to three arbitrators who shall have power to decide and make recommendation upon the matter in controversy, and each party agrees to be bound by the decision of the arbitrators. Upon such contingency each party shall designate one arbitrator, and these two shall appoint a third arbitrator. The expense of the arbitration shall be borne by the parties as the arbitrators may direct. In case no arbitrator is appointed by one of the parties, the decision of the sole arbitrator shall be binding upon the parties hereto." The last paragraph of Article IX of said agreement reads:

"The question of reasonableness in Paragraph IX, if placed in issue by Pioneer, shall be subject to arbitration. If the arbitrators shall find Screw Machine did not use reasonable efforts to obtain priorities or materials in the premises, the arbitrators shall specify what Screw Machine shall do to avoid default."

Prior to answering the complaint defendant has moved "for an order referring the above entitled action to arbitration and staying proceedings in the action until said arbitration has been completed." Plaintiff resists said motion. Defendant relies upon the United States Arbitration Act, Act of Feb. 12, 1925, c. 213, 43 Stat. 883, 9 U.S.C.A. § 3, which reads: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." Concerning the validity and scope of Section 3 of the Arbitration Act, the court in Agostini Bros. Bldg. Corp. et al. v. United States, etc., 4 Cir., 142 F.2d 854, at page 856, said: "There could be no question, however, as to the power of Congress to exercise the full power attempted by section 3 of the act. Its power to regulate the procedure of the lower federal courts, and even to limit their jurisdiction was well established; and there was no reason why it should not provide in furtherance of arbitration, which it was seeking to promote, that, where arbitration was provided for by a contract in suit, proceedings in such courts should be stayed until arbitration should be had pursuant to the contract. * * *" In Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, at page 5, 149 A.L.R. 271, the court said: "Then in § 3 the statute deals with the conduct of suits in federal courts, again a subject matter of congressional power. The language becomes general: 'any suit or proceeding', upon 'any issue referable to arbitration under an agreement in writing for such arbitration' are the words. Congress is not limited, in legislating as to law-suits in federal courts, to those suits involving matters where the substantive rights of the parties may be controlled by federal legislation. The generality of the language used in the statute does not suggest any self-imposed limitation. Nor do we think that the 'congressional approval of arbitration' should be so limited by implication, by a grudging type of construction carried down from the days of judicial hostility to all arbitration agreements. * * *" In Shanferoke Coal & Supply Co. v. Westchester Service Corp., 293 U.S. 449, at pages 452, 453, 55 S.Ct. 313, 315, 79 L.Ed. 583, Justice Brandeis said: "* * * The contract does not in terms prohibit proceedings in the federal court. * * * Section 3 of the United States Arbitration Act * * * provides broadly that the court may 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.' * * * There is * * * strong reason for construing the clause as permitting the federal court to order a stay even when it cannot compel the arbitration. * * *"

█ From the foregoing it is evident that the defendant's motion to refer to arbitration must be granted. However, consideration will be given to the several contentions advanced by the plaintiff in opposition.

■ Plaintiff argues that the defendant's right to arbitration has been waived by reason of failure to make previous request therefor. No supporting authorities are cited. On the other hand, Shanferoke Coal & Supply Co. v. Westchester Service Corp., 2 Cir., 70 F.2d 297, 299, holds that under Section 3 of the Act a mere expression of willingness stated in an answer or moving papers to submit to arbitration is sufficient as a basis upon which the court may order the stay. The defendant's request by motion in this action therefore was sufficient and timely.

■ It is next contended that the action being for recovery of minimum royalties, arbitration does not lie. The answer to this is that there is controversy between the parties as to an obligation under the license agreement, which provides in such case that there shall be arbitration. Without more, the defendant's denial of indebtedness in it moving papers establishes the issue between the parties, requiring the court, under the Act, to stay proceedings as therein provided.

In petition of Pahlberg, D.C., 43 F.Supp. 761, 764, the court, citing Shanferoke Coal & Supply Co. v. Westchester Service Corp., supra, ruled: "In determining whether there was cause to arbitrate under the contract sued on, the court was required to take the moving party's version of the issue."

Plaintiff urges that because the license agreement provides, "This contract shall be interpreted under the laws of the State of Illinois," no case for arbitration exists since it is the law of that State that an executory contract to arbitrate is invalid, citing McKenna Process Co. of Illinois v. Blatchford Corp., 304 Ill.App. 101, 25 N.E. 2d 916.

■ This court is not required to apply the law of Illinois as to arbitration. Arbitration agreements relate to the law of remedies and their enforcement is a question of remedy to be determined by the law of the forum. 3 Am. Juris., pp. 901, 906, Sec. 71.

The applicable rule has been stated: "The law of arbitration is, in the United States at least, a part of the law of reme-

dies, rather than of the substantive law." 3 Am. Juris. p. 832, Sec. 4.

In the contract considered by the court in Parry v. Bache, 5 Cir., 125 F.2d 493, 494, it was provided, "This agreement and its enforcement shall be governed by the laws of the State of New York." The court said, 125 F.2d at page 495: "* * * Finally, it is equally clear that the case involves a controversy covered by the arbitration agreement; that having been removed to the federal court, it proceeds as though it had been originally commenced there, that the invoked statute being remedial, controls the procedure in the federal court; and that the view the state court might take of the arbitration agreement is wholly immaterial."

I conclude, therefore, that the plaintiff's contentions must be overruled, and defendant's motion for a stay must be granted. The appointment of the arbitrators should be undertaken promptly.

Defendant's counsel will prepare an order in conformity herewith.