## George A. SHAHEEN, Appellant,
## v.
## GOVERNMENT OF GUAM, Appellee.
### No. 14690.

United States Court of Appeals,
Ninth Circuit.
June 17, 1955.

Finton J. Phelan, Jr., Agana, Guam, Heen, Kai, Dodge & Lum, Honolulu, Hawaii, for appellant.*

Howard D. Porter, Atty. Gen., of Guam, Leon D. Flores, Island Atty., Agana, Guam, Walker W. Lowry, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and LINDBERG, District Judge.

DENMAN, Chief Judge.

The Government of Guam, appellee, moves the court to dismiss Shaheen's appeal from the order of the District Court of Guam entered on the 21st day of January, 1955 heretofore taken by the appellant by notice of appeal filed on the 31st day of January, 1955 upon the ground that the order appealed from is not a final order from which an appeal will lie.

The order appealed from was made in a suit in the United States District Court of Guam in which count one of the complaint alleges, so far as is pertinent:

"1. This is an action involving a tax claim in excess of $2,000.00 due the Government of Guam. It is brought pursuant to the provisions of Chapter 8A, Title 48 U.S.C.A. It is authorized by the Commissioner of Revenue and Taxation, Department of Finance, Government of Guam, and directed by the Attorney General, Government of Guam.

"2. Defendant has been doing business in Guam during the years 1947 to 1954, inclusive.

"3. Defendant has never filed any income tax return with the Government of Guam, nor paid any income tax to the Government of Guam.

"4. Under date of November 23, 1954, the Commissioner of Revenue and Taxation caused commissioner's income tax returns to be prepared for defendant and made jeopardy assessments for the amount of income taxes shown thereon, together with penalties and interest, which sums are due and owing the government of Guam, as follows: * * *"

---

5. Section 48, Internal Revenue Code, 26 U.S.C.A. § 48.

followed by the amounts claimed due for the calendar years 1951, 1952, 1953 and 1954. Counts two and three have allegations of Shaheen's failure to file and pay his Business Privilege tax required by the Government of Guam.

Shaheen moved to dismiss the complaint alleging thirty-two grounds all of which, his brief admits, were based on lack of jurisdiction in the District Court of Guam, to entertain it. The motion to dismiss was denied by the court and Shaheen filed his notice of appeal as follows:

"Notice is hereby given that George A. Shaheen, the defendant herein, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the opinion and final order of the District Court of Guam *assuming jurisdiction* of this action, entered on the 21st day of January, 1955.

"Dated at Agana, Guam, this 31st day of January, 1955." (Emphasis added)

Shaheen's brief urges, inter alia, that the denial of the motion to dismiss on jurisdictional ground is an appealable order because "it in effect denied an injunction". In support of this extraordinary contention, the brief cites two cases. One of them, Shanferoke Coal & Supply Corporation of Delaware v. Westchester Service Corporation, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, held that an application for a stay was in the nature of an interlocutory injunction and hence appealable. Obviously a motion to dismiss an action because of want of jurisdiction is in no sense for a stay of the action. It is for its extinction.

The other case cited is Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 2 Cir., 186 F.2d 997. This case is equally obviously inapplicable since the trial court dismissed a cause of action praying for an injunction.

Clearly this is the ordinary case of the denial of a motion to dismiss on jurisdictional grounds, held a non-appealable interlocutory order by the Supreme Court in Catlin v. United States, 324 U.S. 229, at page 236, 65 S.Ct. 631, at page 635, 89 L.Ed. 911 in the following language:

"We dispose shortly of the motion, or that part of it, which was directed at dismissal of the proceedings, in so far as it may require treatment separately from the motion to vacate the 'judgment,' if it does so at all. Had this motion been granted and judgment of dismissal been entered, clearly there would have been an end of the litigation and appeal would lie within Section 128. United States v. Carey, 9 Cir., 143 F.2d 445; United States v. Marin, 9 Cir., 136 F.2d 388. *But denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable.* Cf. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. See also Dieckmann v. United States, 7 Cir., 88 F.2d 902. Certainly this is true whenever the question may be saved for disposition upon review of final judgment disposing of all issues involved in the litigation or in some other adequate manner." (Emphasis added.)

Shaheen devotes pages of his brief seeking a reversal of an order denying a motion to quash the service of summons on him to appear in the suit against him for taxes. The ground claimed is that he is not a resident of Guam and the service was made on him while in Guam solely for the purpose of litigating another case there. He also consumed much of the court's and his opponent's time in arguing this contention at the hearing. It was not until after the case was submitted that we discovered that Shaheen had taken no appeal from the order to quash the summons!

The motion to dismiss the appeal is granted.