**Norman C. BERNHARDT, Appellee,**

v.

**POLYGRAPHIC COMPANY OF AMERICA, Inc., Appellant.**

United States Court of Appeals
Second Circuit.

Motion Argued June 28, 1956.

Decided July 24, 1956.

McNamara & Larrow, and Guy M. Page, Jr., Burlington, Vt., for appellant-movant.

Manfred W. Ehrich, Jr., New York City, and Eugene V. Clark, Bennington, Vt., for appellee-respondent.

Before SWAN, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

The action seeks damages for breach of an employment contract which contained a provision that any dispute should be submitted to arbitrators in accordance with the provisions of the arbitration statute of New York, where the contract was made. On appeal by defendant from denial of a motion to stay court proceedings pending arbitration, this court reversed the order, 218 F.2d 948, and was in turn reversed by the Supreme Court. Bernhardt v. Polygraphic Company of America, Inc., 350 U.S. 198, 76 S.Ct. 273. After remand, defendant renewed its motion on two new points, namely: (1) that the contract involved interstate commerce which made applicable § 3 of the Arbitration Act, 9 U.S.C.A. § 3; and (2) that the Vermont rule respecting conflict of laws would give effect to the arbitration agreement made in New York. Judge Gibson decided both points adversely to defendant. From this order defendant has again appealed and has moved for a stay of proceedings in the trial court until this appeal shall be decided.

The first question is as to the appealability of the order of May 17, 1956 which directed that the case "be placed on the docket for trial on the merits." Unless we have jurisdiction of the appeal we have no jurisdiction to grant the present motion. Although the

order is plainly interlocutory, it is equivalent to refusal of an injunction, and is appealable under 28 U.S.C.A. § 1292(1). Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Wilko v. Swan, 2 Cir., 201 F.2d 439, 441.

Without expressing an opinion as to the merits of the appeal, we think the movant has shown enough to demonstrate the possibility of reversal and the certainty of hardship in that event unless the motion is granted. If it be denied and the order is later reversed, the time and effort expended in the trial will have been wasted. On the other hand, if the trial be stayed, plaintiff will not suffer from the delay since it was conceded upon the argument that he will be entitled to interest from the date of breach, if he ultimately obtains judgment. Consequently, in the exercise of discretion we think the stay should be granted.

Subsequent to entry of the order on appeal, the defendant gave notice for an examination of plaintiff before trial. It has been contended that this constitutes waiver of the defendant's right to arbitration. Such a waiver, if effective, might well make the present appeal moot and require its dismissal. The facts respecting the alleged waiver will not appear in the record since they occurred subsequent to entry of the order on appeal. If plaintiff wishes to contend that the appeal has become moot he should file appropriate motion papers setting forth the facts, and give defendant an opportunity to reply thereto. If such a motion is filed, it will be heard when the appeal is argued.

The motion for a stay is granted and the appeal is set down for argument in the United States Court House in Brattleboro, Vermont, on September 11, 1956.