315 F.2d 291
 E. T. SIMONDS CONSTRUCTION COMPANY, a Corporation, Plaintiff-Appellant,
v.
LOCAL 1330 OF INTERNATIONAL HOD CARRIERS, BUILDING AND
COMMON LABORERS UNION OF AMERICA, AFL-CIO, and Southern
Illinois District Council of International Hod Carriers,
Building and Common Laborers Union of America, AFL-CIO,
Defendant-appellees.
 No. 13936.
 United States Court of Appeals Seventh Circuit.
 March 14, 1963.
 
 James A. Finch, Jr., Cape Girardeau, Mo., Charles C. Hines, Carbondale, Ill., Finch, Finch & Knehans, Cape Girardeau, Mo., Feirich & Feirich, Carbondale, Ill., of counsel, for appellant.
 John M. Schobel, St. Louis, Mo. J. F. Souders, St. Louis, Mo. Gruenberg & Schobel, St. Louis, Mo., of counel, for appellees.
 Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Plaintiff, E. T. Simonds Construction Company, brought suit against the defendants, Local 1330 of International Hod Carriers, Building and Common Laborers Union of America, AFL-CIO, and Southern Illinois District Council of International Hod Carriers, Building and Common Laborers Union of America, AFL-CIO, in the United States District Court under Section 301(a) of the Labor Management Relations Act, as amended (29 U.S.C. 141 et seq., 185), to recover for breach of a labor contract by engaging in a work stoppage. Article 13 of that contract which bars work stoppages 'on account of any differences that might occur' between the parties, also provides:
 
 
 2
 'If matters cannot be adjusted quickly, between the representatives of the Individual Contractor and the Local Business Agent, the matter shall be immediately referred to a Board consisting of six (6) members, three to be appointed by the Contractor, and three to be appointed by the Union, and these six members shall have the authority to choose a seventh member, if and when they deem it necessary.'
 
 
 3
 On motion of the defendants, the District Court entered and order staying this action pending arbitration.
 
 
 4
 The District Judge, who had previously denied a similar motion, D.C., 203 F.Supp. 572, held that the decision of the United States Supreme Court in the case of Drake Bakeries, Inc. v. Local 50, American Bakery and Confectionery Workers International, AFL-CIO, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962), was binding on the Trial Court in this case and required the grant of the stay as sought by defendants. He construed the Drake case as follows:
 
 
 5
 'The court held that the contract between the employer and the union obligated the employer to arbitrate its claim for damages from forbidden strikes by the union, stating that under the contract by agreeing to arbitrate all claims without excluding the case where the union struck over an arbitrable matter, the parties negatived any intention to condition the duty to arbitrate upon the absence of strikes.'
 
 
 6
 Plaintiff-appellant, however, contends that the right of arbitration (if one exists under the contract), being a mere contract right, can be waived, and has been waived by the defendants in this case.
 
 
 7
 The docket entries in this cause reveal the following significant chronology:
 
 March 14, 1961
 
 8
 Plaintiff filed its complaint alleging an unauthorized work stoppage from October 16, 1960 to October 25, 1960.
 
 March 31, 1961
 
 9
 Defendants filed separate answers and counterclaims in which the jurisdiction of the District Court was admitted.
 
 April 19, 1961
 
 10
 Plaintiff moved to dismiss the counterclaims or, alternatively, to strike certain portions including the prayer for punitive damages.
 
 April 21, 1961
 
 11
 Plaintiff filed its brief in support of its motion.
 
 May 1, 1961
 
 12
 Defendants filed their brief in opposition.
 
 May 4, 1961
 
 13
 Plaintiff filed its reply brief.
 
 June 30, 1961
 
 14
 The Trial Court denied the motion to dismiss, sustained the motion to strike certain portions, but reserved till trial the ruling on the motion to strike the prayer for punitive damages.
 
 July 17, 1961
 
 15
 Plaintiff replied to the counterclaims and sought leave to amend its complaint by adding a count for punitive damages.
 
 July 25, 1961
 
 16
 Defendants filed their motion in opposition to the amendment.
 
 July 28, 1961
 
 17
 Plaintiff filed its memorandum in support of the motion to amend.
 
 September 26, 1961
 
 18
 The discovery depositions of nine persons taken in Carbondale, Illinois, on September 7 and 8, 1961, were filed with the Clerk of the District Court.
 
 December 27, 1961
 
 19
 The Trial Court entered an order allowing plaintiff to amend by adding a second count, for punitive damages.
 
 January 5, 1962
 
 20
 Defendants filed separate answers to the second count, again admitting the jurisdiction of the Ocurt.
 
 March 1, 1962
 
 21
 A pre-trial conference was held at Cairo, Illinois, and the cause set for trial on April 9, 1962.
 
 March 12, 1962
 
 22
 A report of the pre-trial conference was filed which included the statement: The pleadings are settled, cause is at issue, and the court hias jurisdiction of the parties and of the subject matter. and other stipulations, all to be binding in the absence of written objections filed within 5 days. No written objections were filed.
 
 March 16, 1962
 
 23
 The defendant mailed directly to the Court a joint motion to stay the suit pending arbitration together with their memorandum in support of the motion.
 
 March 21, 1962
 
 24
 Plaintiff filed its memorandum in opposition, with supporting documents and affidavit, indicating that the first request on defendants' behalf, for arbitration, was made in a letter dated March 15, 1962.
 
 April 2, 1962
 
 25
 The Trial Court denied the motion for a stay. No appeal was taken from that order.
 
 April 9, 1962
 April 10, 1962
 April 11, 1962
 
 26
 The case was tried.
 
 April 11, 1962
 
 27
 Defendants moved separately to dismiss at the conclusion of the plaintiff's evidence. The motions were overruled, orally renewed at the close of all testimony and again overruled. Both parties were to present briefs.
 
 May 25, 1962
 
 28
 Plaintiff filed its brief and proposed findings of fact and conclusions of law.
 
 July 3, 1962
 
 29
 Defendants filed their motion to stay proceedings pending arbitration.
 
 August 2, 1962
 
 30
 The stay was granted.
 
 
 31
 The District Judge reversed his original ruling on the motion for a stay in reliance solely on the Drake case.
 
 
 32
 Drake Bakeries broght its action under 301(a) of the Act, alleging violation of a no-strike clause in a collective bargaining contract. The District Court in the Drake case held that the claim was an arbitrable matter under the contract and ordered a stay of the action pending completion of karbitration.
 
 The wording of the Drake contract reads:
 
 33
 'Article V-- Grievance Procedure
 
 
 34
 '(a) The parties agree that they will promptly attempt to adjust all complaints, disputes or grievances arising between them involving questions of interpretation or application of any clause or matter covered by this contract or any act or conduct or relation between the parties hereto, directly or indirectly.'
 
 
 35
 The wording in the contract before us in this case reads:
 
 
 36
 'Article No. 13
 
 
 37
 'Arbitration.
 
 
 38
 'There shall be no stoppage of work on account of any differences that might occur between the Contractor and the Union, or between different crafts on the work. If matters cannot be adjusted quickly, between the representatives of the Individual Contractor and the Local Business Agent, the matter shall be immediately referred to a Board * * *.'
 
 
 39
 Plaintiff contends taht this language is narrower in scope than that used in Drake which refers specifically to 'acts' and 'conduct' as well as to questions of interpretation and application. We believe that the wording 'any differences' is broad enough in scope to cover the situation here.
 
 
 40
 The panel of the Court of Appeals which initially heard the Drake case in the Second Circuit reversed the District Court. (287 F.2d 155 (1961)) The Second Circuit there held that the arbitration provided for the Drake contract concerned only questions which had been brought up through the grievance procedure. (287 F.2d 157) Further that panel ruled that the Union had not requested designation of an arbitrator when the dispute arose, but had resorted to the self help of a strike in violation of the contract. The panel stated (page 158):
 
 
 41
 'It seems clear that the parties intended the grievance-arbitration procedure to supplant strikes as a means f resolving industrial disputes, but did not intend to subject alleged breaches of the no-strike clause to arbitration when a strike was resorted to before making any attempt to utilize the grievance-arbitration procedure.'
 
 
 42
 On rehearing en banc, the votes were three for reversal and three for affirmance, and the Trial Court's order was affirmed. (294 F.2d 399) On certiorari, the Supreme Court held that so fundamental a matter as a union strike in breach of contract would have been expressly excluded from the comprehensive language used had the parties so intended. This view was supported by the fact that four months earlier in the same year as the strike which gave rise to the Suit, Drake Bakeries had requested appointment of an arbitrator to determine the question of breach of contract and damages suffered through conduct which Drake Bakeries characterized as an 'overtime strike.' The Union had opposed that claim for arbitration, but the controversy was settled without determination of the arbitrability dispute.
 
 
 43
 The Supreme Court declined to adopt the rules urged by Drake Bakeries that (1) the faithful observance of the fundamental no-strike clause by the Union is a condition precedent to the employer's duty to arbitrate, or (2) in failing to observe the no-strike clause, the Union must be deemed to have waived or to be estopped from asserting its right to arbitrate.
 
 
 44
 Nevertheless the Supreme Court did consider the further contention that the Union was not entitled to a stay because it had not proceeded with dispatch in seeking arbitration. The Supreme Court agreed with the District Court in holding that the Union in Drake was not in default. Drake Bakeries' claim arose out of events occurring January 2, 1960. Suit was filed January 4, 1960. As the Supreme Court states (370 U.S. 267, 82 S.Ct. 1354):
 
 
 45
 'This was the first occasion for the union to insist upon its right to arbitrate the employer's claim for damages. This it promptly did by moving for a stay in the District Court.'
 
 
 46
 In a footnote (page 267, #17) the Supreme Court contrasts Shanferoke Coal and Supply Corp. v. Westchester Serv. Corp., 2 Cir., 1934, 70 F.2d 297, 299, affirmed, 293 U.S. 449, 453-454, 55 S.Ct. 313, 79 L.Ed. 583, with Lane, Ltd. v. Larus & Bro. Co., 2 Cir., 1957, 243 F.2d 364, 367. In Shanferoke, the defendant in its answer to the complaint for breach of agreement set out the arbitration clause of the agreement, moved to stay proceedings and, in a supporting affidavit, asserted that it had always been willing to arbitrate the dispute. Judge L. Hand, speaking for the Second Circuit, held that defendant was not in default in proceeding with arbitration in merely expressing willingness and not having named an arbitrator. The District Court, however, was also empowered to vacate the stay shold it appear that defendant was in default in proceeding with the arbitration.
 
 
 47
 In Lane, the plaintiff, Lane Ltd., demanded arbitration pursuant to the terms of its contract with defendant, Larus & Bro. Co., which expressed a willingness to arbitrate only certain of the issues between them on the stated ground that the remainder of the issues were not the proper subject of arbitration. Ultimately Lane filed its complaint in the District Court. Larus moved for a stay pending arbitration. Larus argued that going to arbitration earlier on certain issues as presented by Lane would have involved concessions which Larus was not obligated to make. The Second Circuit found this argument unacceptable on the record and held that Larus had forfeited its own right to arbitrate. The Second Circuit cited Radiator Specialty Co. v. Cannon Mills, 4 Cir., 1938, 97 F.2d 318, 117 A.L.R. 299. Cannon Mills had sued Radiator Specialty to recover on a contract. Radiator Specialty had filed an answer and counterclaim. The cause was set for trial. On Radiator Specialty's motion, the cause was reset for trial at the next term of court. On call for trial, Radiator Specialty moved for a stay pending arbitration. It was denied. On appeal, Judge Northcott, speaking for the Fourth Circuit, stated (97 F.2d page 319):
 
 
 48
 'One having the right to arbitrate and to stay an action at law, pending arbitration * * * may waive such right. * * * Here when the plaintiffs chose to ignore the arbitration clause * * * the defendant did not immediately, as was its duty if it intended to rely in the arbitration clause, assert its intention to enforce the arbitration; on the contrary, the defendant appeared and filed an answer to the complaint and set up a counterclaim * * *. By its course the defendant waived its right * * * and was in default in proceeding with arbitration.'
 
 
 49
 On the record before us, we must conclude that defendants here, unlike Local 50 in the Drake case, have not 'proceeded with dispatch in seeking arbitration.'
 
 
 50
 The District Judge recognized this distinguishing feature, but did not believe that the delay in asking for arbitration was sufficient to free him from the effect of the Drake case as a binding precedent. In our opinion, the Drake case did not bind the District Judge to grant the stay without regard to the specific circumstances of the case, with particular reference to the defendants' undue delay in asserting the right of arbitration and their failure to appeal from the initial denial of their motion for a stay.
 
 
 51
 The order of the District Court granting stay of the proceedings in that Court, is, therefore, vacated. The cause will be remanded to the District Court for further proceedings.
 
 
 52
 Defendants assert that the stay order is not an appealable order. In our considered opinion, the order is analogous to an injunctive order under28 U.S.C. 1292(a)(1), in an action at law, unlike such an order in an action in equity, where the grant or denial of a stay is a mere step in control of the litigation. See Baltimore Contractors Inc. v. Bodinger (1955), 348 U.S. 176, 184-185, 75 S.Ct. 249, 254, 99 L.Ed. 233, where the Supreme Court notes:
 
 
 53
 'The distinction has been applied for years, however, adnd we conclude that it is better judicial practice to follow the precedents * * * leaving Congress to make such amendments as it may find proper.'
 
 
 54
 Also see the Drake case, supra, on which defendants and the District Court relied.
 
 
 55
 We have considered with care all the other arguments and contentions presented by the parties but deem it unnecessary to comment on each in turn. They do not affect our decision that the stay order must be vacated and the cause remanded.
 
 
 56
 Stay order vacated and cause remanded with directions.