**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant,**

v.

**STILLPASS TRANSIT COMPANY, Inc., an Ohio Corporation, Appellee.**
**No. 20768.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 13, 1967.

Decided Oct. 30, 1967.

Mr. Herbert S. Thatcher, Washington, D. C., for appellant. Mr. Donald M. Murtha, Washington, D. C., also entered an appearance for appellant.

Mr. Arnold Morelli, Cincinnati, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Messrs. Edward M. Statland and Benjamin R. Jacobs, Washington, D. C., were on the brief, for appellee. Mr. Lawrence D. Huntsman, Washington, D. C., also entered an appearance for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM.

The appeal is from denial by the District Court of the appellant's motion to stay proceedings in that court and to order the parties to the proceedings to arbitrate the controversy under the terms of a collective bargaining agreement between the plaintiff and a local of the appellant International Union. The proceedings in the District Court consist of an action by appellee against the International for compensatory and punitive damages for conduct alleged to have been engaged in by the International in connection with a strike of employees of appellee.

In denying the motion for stay of the proceedings it appears from the court's oral ruling, accompanying its order,[1] that the denial was grounded on the court's view that the claim of appellee "for damages for an illegal strike need not be first submitted to the grievance procedure" of the collective bargaining agreement.

We affirm the denial of the motion for a stay for the reason now to be stated, without passing upon the reason assigned by the District Court.

Invocation by the International of the procedures of the agreement presupposes that the International is a party to or is bound by the agreement. The International, however, did not execute the agreement and is not a formal party to it. Whether the International nevertheless has rights or responsibilities under the agreement is yet to be decided in the suit in the District Court. If it should be found to have no such rights or responsibilities the question whether the subject matter of the suit comes within the arbitration procedures of the agreement would be removed from this litigation. The construction given by the District Court to the arbitration provisions of the agreement accordingly was premature, based as it was on the assumption that the International is bound by the agreement, a matter still to be decided. For this reason alone the motion for a stay of the court proceedings pending resort to the procedures of the agreement was properly denied.

Affirmed.

1. As to appealability of the order, see Shanferoke Coal & Supply Corp. v. Westchester Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Boeing Co. v. International Union, U.A., A. & A. Imp. Wkrs., 3 Cir., 370 F.2d 969, 970; Hoover Motor Express Co. v. Teamsters, etc., 6 Cir., 217 F.2d 49, 51.