**WILSON WEAR, INC., an Illinois corporation, Plaintiff-Appellant,**

v.

**UNITED MERCHANTS AND MANUFACTURERS, INC., a corporation and United Merchants and Manufacturers, Inc., d/b/a Old Fort Finishing Plant, Defendants-Appellees.**

No. 83–1206.

United States Court of Appeals, Seventh Circuit.

Argued June 6, 1983.

Decided Aug. 1, 1983.

Robert H. Aronson, Chicago, Ill., for plaintiff-appellant.

Michael K. Brandwein, Aaron, Schimberg, Hess, Rusnak, Deutsch, & Gilbert, Chicago, Ill., for defendants-appellees.

Before WOOD and CUDAHY, Circuit Judges, and GRANT, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal from an order directing arbitration raises two issues relating to the United States Arbitration Act of 1925, 9 U.S.C. §§ 1–14. First, whether an order granting a stay of judicial proceedings pending arbitration in response to a 9 U.S.C. § 3 motion is appealable provided that the underlying cause of action is legal, as opposed to equitable, in nature. Second, whether the district court correctly granted a motion to stay proceedings where the party opposing the motion had signed a contract requiring arbitration, but now claims cancellation of the contract containing the arbitration clause. In other words, whether the district court or the arbitrator is to resolve the dispute as to the validity or effect of the contract containing the arbitration clause.

Wilson Wear, Inc., plaintiff-appellant, brought suit against United Merchants and Manufacturers, Inc., a corporation, and United Merchants and Manufacturers, Inc., d/b/a Old Fort Finishing Plant, defendants-appellees, for breach of an oral contract, breach of warranty, and other claims arising out of the processing of plaintiff's goods by the defendant. A written agreement executed between Wilson Wear and United Merchants contained a broad arbitration clause which states:

> Any controversy or claim arising out of or relating to this quotation or any contract resulting therefrom, or any order given in connection therewith, or any modification thereof, shall be settled by arbitration.

---

* The Honorable Robert A. Grant, Senior District Judge of the Northern District of Indiana, is sitting by designation.

United Merchants filed a motion to stay based upon the arbitration clause. Wilson Wear, in response, claimed that the entire written agreement which contained the arbitration clause had been cancelled and was replaced by an oral contract. United Merchants claims that the contract was modified in a way not affecting the arbitration clause and that the written contract was not rescinded or cancelled. The district court granted defendant's motion to stay proceedings pending arbitration, referring to the arbitrator the question of whether the written contract was rescinded.

## I. *Jurisdiction*

 Section 3 of the Arbitration Act permits a party to an action already pending in district court to move for a stay of the action pending arbitration of issues that he contends are subject to arbitration under a written arbitration agreement. An order granting the stay and compelling arbitration—when entered as part of a continuing proceeding for other relief and when not resulting in dismissal of the action—is not final within the meaning of 28 U.S.C. § 1291. *Whyte v. THinc Consulting Group International,* 659 F.2d 817, 818 (7th Cir. 1981). Although not appealable pursuant to section 1291, certain orders granting or denying a stay of judicial proceedings pending arbitration are appealable under 28 U.S.C. § 1292(a)(1) as an order granting or refusing an injunction. In *Whyte,* we set out the test for appealability as such: "[u]nder the so-called 'Enelow-Ettelson' rule, the question whether an order granting or refusing a stay of judicial procedures pending arbitration is one 'granting or refusing * * * an injunction' within the meaning of 28 U.S.C. § 1292(a)(1) turns on whether the underlying cause of action is one which before the merger of law and equity was by its nature at law or in equity . . . . If the underlying action is at law, the order is appealable on the reasoning that it is analogous to an equitable restraint of legal proceedings. . . . Where, however, the underlying action is itself equitable, the order is not appealable because it is merely an order by a court of equity concerning the management of its own proceedings." *Id.* at 818–19. Here, because the underlying cause of action is at law, we have jurisdiction.

 United Merchants contend, however, that under the *Enelow-Ettelson* rule, in addition to the underlying cause of action being legal in nature, the stay must be sought to allow the prior determination of some equitable defense or counterclaim. United Merchants further asserts that because no equitable defense is asserted, we lack jurisdiction.

*Shanferoke Coal & Supply Corp. v. Westchester Service Corp.,* 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935), held that the defense of failure to arbitrate was an equitable defense.[1] Attempting to distinguish *Shanferoke,* United Merchants argues that in *Shanferoke* the arbitration contract defense was raised by the defendant in its answer as a special defense *whereas here* the arbitration agreement defense is raised only as a basis of support for its motion to stay the judicial proceedings.

Appellees' position, if accepted, would elevate form over substance. The district court treated the motion for stay as raising the affirmative defense of failure to arbitrate. Fed.R.Civ.P. 8(c).[2] Simply because an affirmative defense is raised by motion rather than by way of answer does not

---

1. The Court stated: "an order granting or denying a stay based on an equitable defense or cross-bill interposed in an action at law under § 274b is appealable under § 129. We are of the opinion that the special defense setting up the arbitration agreement is an equitable defense or cross-bill within the meaning of § 274b; and that motion for a stay is an application for an interlocutory injunction based on the special defense." *Shanferoke Coal & Supply Corp.,* 293 U.S. at 452, 55 S.Ct. at 314.

2. The plaintiff does not question the propriety of raising the arbitration agreement defense in a motion for stay and we do not address it. *Cf. Karno-Smith Co. v. School Dist. of City of Scranton,* 44 F.Supp. 860, 862 (M.D.Pa.1942) (defense of existence of an arbitration clause in contract was not properly before the court on a motion to dismiss).

mean it is no longer a defense. *See generally* Fed.R.Civ.P. 12(b). Furthermore, as a practical matter, the result is the same for the plaintiff whether the defendant raises the defense of failure to arbitrate in a motion to stay or in an answer to the complaint. We shall not give the appellees the luxury of single-handedly determining whether to leave open the possibility of an appeal from a decision directing arbitration by their choice of raising the defense in a motion to stay versus in an answer.

## II. *Court or Arbitrator*

Having determined that we have jurisdiction, we now focus upon the key issue presented by this appeal: whether a claim of rescission of the entire contract is to be resolved by the federal court or by the arbitrator. The important statutory provisions are sections 2, 3, and 4 of the United States Arbitration Act of 1925.[3]

Section 2 provides that a written provision for arbitration in any "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Section 3 requires a federal court in which suit has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration" to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement. Section 4 provides a federal remedy for a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration," and directs the federal court to order arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not an issue . . . ."

■ In this case, the parties do not dispute the "making" of an agreement which included an arbitration clause. Wilson Wear argues, however, that the question of "making" impliedly includes the question of "unmaking or recission" of an agreement to arbitrate and that recission unmakes the agreement to arbitrate. By way of dicta in *Halcon International, Inc. v. Monsanto Australia Limited,* 446 F.2d 156, 159 (7th Cir. 1971), we accepted this argument and indicated that "unmaking" as contemplated by the Arbitration Act would include "mutual cancellation of the contract . . . [and] voiding of the transaction due to fraud, mistake or duress." Under the doctrine of severability as announced in *Prima Paint v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), a court must first determine whether the issue of making or unmaking concerns the arbitration clause itself or the entire contract and only then, may the court determine whether it or the arbitrator should resolve the issue.

The question before the Court in *Prima Paint* was "whether the federal court or an arbitrator is to resolve a claim of 'fraud in the inducement,' under a contract governed by the United States Arbitration Act of

---

**3.** The Federal Arbitration Act, 9 U.S.C. §§ 2, 3 and 4 state in part:

(2) A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

(3) If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

(4) A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof.

1925." *Id.* at 396–97, 87 S.Ct. at 1802. The Court observed that the circuits were split concerning whether a claim of fraud in the inducement of the entire contract should be resolved by the federal court or referred to the arbitrator. After reviewing the various positions, the Court adopted the view of the Court of Appeals for the Second Circuit that "arbitration clauses as a matter of federal law are 'separable' from the contracts in which they are embedded, and that where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud." *Id.* at 402, 87 S.Ct. at 1805. Accordingly, the Court held "that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Id.* at 404, 87 S.Ct. at 1806.

■ Thus, following *Prima Paint* we hold that when the dispute of mutual cancellation relates to the entire contract, rather than the arbitration clause, the question of cancellation is referable to the arbitrator, provided of course that the dispute falls within the scope of the arbitration clause [4] and the parties have not otherwise demonstrated an intention to the contrary. Therefore, we affirm the ruling of the district court ordering arbitration.

---

**4.** The parties raised no issue relating to the scope of the arbitration clause, and, therefore, we do not consider the issue.