KIENDL v. COCHRANE et al.

(Supreme Court, Appellate Division, First Department.    December 6, 1912.)

1. MONEY PAID (§ 1*)—RECOVERY.
    A person who voluntarily discharges another's debt cannot recover the money paid.
    [Ed. Note.—For other cases, see Money Paid, Cent. Dig. §§ 1–16; Dec. Dig. § 1.*]

2. SUBROGATION (§ 23*)—PERSONS MAKING VOLUNTARY PAYMENT.
    A person voluntarily discharging liens on another's real property is not entitled to a lien thereon in his favor.
    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

3. CORPORATIONS (§ 542*)—INSOLVENCY—UNLAWFUL TRANSFERS.
    Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, prohibiting certain transfers to officers or stockholders of insolvent corporations, or to creditors with intent to prefer, and providing that every person receiving, by any such prohibited act, any property of the corporation, shall account therefor to its creditors, stockholders, or other trustees, where the president and treasurer of a corporation used the corporate funds to pay interest on mortgages on her mother's property and other charges without the mother's consent or knowledge, the corporation or its trustee in bankruptcy was not entitled to a lien on such premises, since those to whom the payments were made, and not the mother, received the corporation's property.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. § 542.*]

Laughlin and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Adolph Kiendl, as trustee of the Iron Clad Manufacturing Company, bankrupt, against Mary J. Cochrane and another. From a judgment overruling a demurrer to the complaint, the defendant named appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Albert M. Levy, of New York City, for appellant.
Edwin T. Rice, of New York City, for respondent.

MILLER, J. The plaintiff is a trustee in bankruptcy of a corporation, which it is alleged was controlled by defendant Seaman, who was its president and treasurer. The adjudication in bankruptcy was made on December 2, 1911. It is alleged that during the ten years prior thereto, when the corporation was insolvent, the defendant Seaman used the corporate funds to pay interest on mortgages, which were a lien upon certain premises, and to pay taxes upon said premises, insurance premiums, and other charges and expenses for its benefit; that in November, 1910, a deed, bearing date April 22, 1899, and purporting to be executed by the defendant Seaman, and to convey said premises to the appellant, was recorded; that the appellant is the mother of the said defendant Seaman, and for a number of years has resided with her in said premises; and that said de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants are in joint possession thereof. The prayer for relief is that the plaintiff be adjudged to have a lien upon the said premises to the amount of said payments, and for the foreclosure thereof.

[1, 2] There is no averment that the payments were made at the request, upon the consent, or even with the knowledge of the appellant, and the bald question is presented whether a lien can be impressed upon the premises of one person upon the bare fact of the voluntary payment of taxes or other charges thereon by another person with the funds of an' insolvent corporation. The rule is well settled that a person who voluntarily discharges another's debt cannot recover the money paid. First Nat. Bank of Ballston Spa v. Board of Supervisors, 106 N. Y. 488, 13 N. E. 439; Flynn v. Hurd, 118 N. Y. 19, 26, 22 N. E. 1109. A fortiori he cannot have a lien impressed upon real property for money voluntarily paid to discharge liens thereon.

[3] Plaintiff relies upon section 66 of the Stock Corporation Law, which prohibits certain transfers to officers, directors, or stockholders, or to creditors with the intent of giving a preference, and particularly upon this sentence, viz.:

"Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees."

But the complaint does not disclose a case of one of the prohibited transfers to the appellant. She was neither a creditor, a stockholder, a director, nor an officer of the corporation, and she has received no property of the corporation. The complaint does not disclose to whom the payments were made. Those who received the money of the corporation are the ones, if any, from whom to recover it under the statute. No fact is stated to impeach the conveyance to the appellant; indeed, it is to be inferred from the averments of the complaint that the conveyance was made in April, 1899, which was before any of the payments complained of were made.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint, upon payment of costs in this court and in the court below.

INGRAHAM, P. J., and McLAUGHLIN, J., concur. LAUGHLIN and DOWLING, JJ., dissent.