## JONES v. MISSISSIPPI VALLEY BARGE LINE CO.

### No. 164.

United States District Court
W. D. Pennsylvania.
Sept. 29, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

J. Roland Johnston, Thorp, Reed & Armstrong, Pittsburgh, Pa., for respondent.

STEWART, District Judge.

Libellant brought this action to recover certain wages, together with penalties, alleged to be due and owing to him under a contract of employment with the respondent. Prior to filing an answer to the libel, the respondent filed a motion to stay the proceedings pursuant to Section 3 of the United States Arbitration Act, 9 U.S.C. § 3. Relying upon two decisions of the Court

158

of Appeals for the Third Circuit[1] which we considered controlling, we granted a stay of the proceedings until such time as arbitration was had in accordance with the terms of the written contract between respondent and the National Maritime Union of America. D.C.1951, 98 F.Supp. 787. Libellant did not appeal from this order. After the entry of this order, the Court of Appeals for the Third Circuit held that its earlier construction of Title 9 of the United States Code as expressed in the decisions relied on by this Court in granting the petition for the stay order was inconsistent with the intention of Congress as subsequently made manifest and, accordingly, abandoned that construction. Amalgamated Ass'n, etc., v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 1951, 192 F.2d 310.

Libellant has filed a motion to vacate the stay heretofore entered contending that the subsequent decision in the Greyhound case entitles him to a granting of the present motion. Respondent, although admitting that there has been a change in the law in this Circuit which now makes it improper in this case for this Court to grant a stay of proceedings pending arbitration, argues that the stay order represented a final judgment and when libellant failed to appeal therefrom, it became binding on him and cannot be vacated at this time.

We think that the error in respondent's reasoning is in his assumption that the stay order entered herein was in the nature of a final judgment. The Supreme Court of the United States has held that such an order is in the nature of an interlocutory injunction and appealable as such rather than as a final judgment as contended by counsel for defendant. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583. Consequently, a reference to the well settled rule in injunction cases is appropriate. That rule is that an injunction order may be modified or dissolved in the discretion of the Court when conditions have so changed that it is no longer needed or is rendered inequitable. Milk Wagon Drivers Union v. Meadowmoor Dairies, Inc., 1941, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836; Tobin v Alma Mills, 4 Cir., 1951, 192 F.2d 133; Grand Union Equipment Co. v. Lippner, 2 Cir., 1948, 167 F.2d 958; Ladner v. Siegel, 1930, 298 Pa. 487, 148 A. 699, 68 A.L.R. 1172.

Further, although a decree may be final as it relates to an appeal and all matters included therein, it is not final where the proceedings are of a continuing nature, and the injunction may be vacated or modified where the changed conditions so warrant. Western Union Tel. Co. v. International Brotherhood, etc., 7 Cir., 1943, 133 F.2d 955. In the case before us, changed conditions do warrant a granting of libellant's motion. The law in this Circuit has been changed since the entry of the stay order in this case making it clear that this Court had no jurisdiction to enter such an order. A change in the law has been considered sufficient justification for a modification of an injunction. Ladner v. Siegel, supra; accord, Western Union Tel. Co. v. International Brotherhood, etc., supra.

Accordingly, we conclude that it is within our power to vacate the stay order previously entered herein and we think that the conditions now existing warrant such action. Finally, it should be noted also that although the order staying all further proceedings in this matter pending arbitration was entered more than 13 months ago, no steps toward arbitration of the controversy have yet been taken.

Therefore, libellant's motion will be granted and the stay order will be vacated.

1. Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311; Donahue v. Susquehanna Collieries Co., 3 Cir., 1943, 138 F.2d 3, 149 A.L.R. 271.