Harold E. Koreman, J.
This is a motion by the defendant
for an order dismissing the complaint herein on the ground that the relief sought is not the proper remedy, dismissing the causes of action alleged by each of the plaintiffs, and for summary judgment in favor of defendant pursuant to CPLR 3211 (subd. [c]). The action is one for a declaratory judgment that plaintiff Mid-City 'Shopping Center, Inc., is an insured under a liability policy issued by defendant, and that defendant was obligated under the policy to defend and to pay any judgment recovered against this plaintiff in a negligence action previously brought against it. Plaintiff Phoenix of Hartford Insurance Company also seeks a declaration that payment of the judgment recovered against Mid-City 'Shopping Center, Inc., was the obligation of the defendant, and that it should be reimbursed by defendant since this plaintiff paid the judgment so recovered.
It is not disputed that, in the action in which a judgment was recovered against the plaintiff Mid-City, the defendant disclaimed coverage and did not defend Mid-City. The defense was furnished and the judgment was paid by plaintiff Phoenix, although, under its policy with Mid-City the parking lot where the accident occurred was excluded from coverage.
Assuming the truth of the statements alleged in the complaint, it does not appear that they form any basis for the equitable relief sought by plaintiff Mid-City. The mere allegation of inadequacy of legal remedy will not warrant the aid of equity nor change an action at law into one in equity. (Payrolls & Tabulating v. Sperry Rand Corp., 22 A D 2d 595, 598.) Assuming also that the plaintiff Mid-City may have had some right to relief, even though it was not called upon to pay the judg *998 ment recovered against it, its right under the policy issued to it by defendant is strictly contractual, and an action for a declaratory judgment is neither necessary nor appropriate. (See Balkan Demolition. Co. v. Yorkshire Ins. Co., 3 A D 2d 902.) While plaintiff Mid-City alleges that the defendant breached its contract by failing to provide coverage, it does not appear that it sustained any damage since the judgment recovered against it and the costs of defense have been fully paid by plaintiff Phoenix. Consequently, allegations of breach of contract are not sufficient to sustain, the complaint (Ryan Beady Mixed Concrete Corp. v. Coons, 25 A D 2d 530), and there is no bona fide legal controversy between plaintiff Mid-City and the defendant of which the court could take jurisdiction. (Goldsmith v. Goldsmith, 25 A D 2d 515, 516.)
As to the plaintiff Phoenix, it alleges that it paid the judgment recovered against Mid-City which the defendant was obligated to pay, resulting in unjust enrichment on the part of the defendant. It is noted that a right of action under such a theory would have to be based on an agreement implied in law on-the part of the defendant to make this plaintiff whole in order to avoid unjust enrichment. This is not the case here, since the plaintiff Phoenix seeks equitable relief by way of a declaratory judgment. Moreover, the complaint and the affidavits submitted disclose that plaintiff Phoenix bases its right to the relief sought on the fact that it paid an obligation that was due and owing from defendant to the plaintiff Mid-City. Under such circumstances, the plaintiff Phoenix must be considered a volunteer without a right to maintain this action. It cannot be substituted in the place of a person whose rights it seeks to acquire simply because it has discharged the obligaiton of another, unless it was in some way lawfully answerable for the claim paid. (Koehler v. Hughes, 148 N. Y. 507, 511; Beneficial Fire & Cas. Ins. Co. v. Consolidated Mut. Ins. Co., N. Y. L. J., July 10, 1968, p 11, col. 1.)
Accordingly, defendant’s motion is in all respects granted.