Benjamin E. Lander, J.
Both sides seek summary judgment. The facts are undisputed and only a question of law is involved.
The defendant was the owner of real property in Hauppage, County of Suffolk, New York. In May, 1970 the United States Government filed a tax lien in the office of the Clerk of Suffolk County against the defendant and one Richard S. Wallen in the sum of $5,598.19 representing taxes due and owing from such persons. Such tax lien became a lien as against the property owned by the defendant.
In October, 1971 the defendant quitclaimed her property, by quitclaim deed, to R.S.W. Properties Corp. which was owned by Richard S. Wallen, the second party to the tax lien. R.S.W. Properties thereafter applied for a mortgage loan on the property in the sum of $90,000 from Lemberg Foundation, Inc. On the closing of the mortgage loan plaintiff insured the mortgage without excepting through oversight or otherwise, the tax lien on the property.
Thereafter the mortgagor defaulted under the terms of the mortgage and the mortgagee commenced foreclosure proceedings. In connection with such foreclosure the mortgagee sought insurance from a title company other than plaintiff and the lien of the Government on the property was discovered. Pursuant to the terms of its insurance policy plaintiff was obligated to satisfy the lien by paying the Government the sum of $6,885.77 which included the face amount of the lien together with interest. Plaintiff has now commenced this action to recover such amount from defendant.
The argument advanced by plaintiff that if defendant received consideration at the time she conveyed title she was bound to satisfy the lien or if she received no consideration that she defrauded the Government is without merit. The *933 court is unaware of any authority which requires a seller to satisfy liens on the property unless provision therefor is made in the contract of sale or if property on which there is a lien is conveyed without consideration that the lienor has been defrauded.
Plaintiff claims that under the terms of its mortgage policy, if it paid any loss, it became subrogated to the rights of its assured and having paid the Government in order to have the lien satisfied is subrogated to the rights of the Government.
It is well settled that no person can make himself a creditor of another by voluntarily discharging a duty which belonged to that other and no obligation can be implied in law from a voluntary payment of the debt of another, without his request, by one who is under no legal liability or compulsion to make it (National Bank v Board of Supervisors of Saratoga County, 106 NY 488; Flynn v Hurd, 118 NY 19; Kiendl v Cochrane, 153 App Div 802; Mid-City Shopping Center v Consolidated Mut. Ins. Co., 58 Misc 2d 997). Plaintiffs payment to the Government satisfied the tax lien on the property and consequently extinguished defendant’s personal tax liability. Plaintiff, however, was under no legal responsibility or compulsion to make the payment except as required by the contract with its insured. Defendant was not a party to that contract, did not request plaintiff to make the payment, did not participate in same or in any way affirm or approve plaintiffs voluntary act. Plaintiff cannot call into being the doctrine of subrogation against the defendant to relieve itself of its mistake in insuring the property free of the tax lien.
The court has undertaken independent research in the resolution of this complex motion and has found no New York authority covering the factual situation at bar; nor has counsel aided the court in its quest for such authority. The court has unearthed one case, however, unanimously decided by the Supreme Court of the State of Washington where a title insurance company failed to ascertain that the realty involved in its search was subject to a lease with option to buy, had issued policies to buyers of realty in a Federal tax lien settlement and had discharged part of said liens. The title company (intervenor) claimed subrogation for Federal taxes paid. The court in Coy v Raabe (69 Wn. 2d 346, 351) denied subrogation and stated:
"Subrogation is a consequence which equity attaches to certain conditions. It is not an absolute right, but one which depends upon the equities and attending facts and circumstances of each case.
*934 "It would be a gross misapplication of the doctrine of subrogation were we to hold that its cloak settles automatically upon one who has simply made a mistake, when it is a commercial transaction involving a consideration. Intervener’s relationship is governed by the law of contracts. Further, it is difficult to think of a situation in which a title insurance company could not claim unjust enrichment as to someone who might inadvertently benefit by their negligence. Either they insure or they don’t. It is not the province of the court to relieve a title insurance company of its contractual obligation. Intervenor has not cited us authority to the contrary.” Accordingly, plaintiffs motion for summary judgment is denied. Summary judgment is granted in favor of defendant dismissing the complaint.