**ALUMINUM PRODUCT DISTRIBU-
TORS, INC., a corporation,
Plaintiff,**

v.

**AAACON AUTO TRANSPORT, INC.,
a corporation, Defendant.**

**No. Civ–74–749–C.**

United States District Court,
W. D. Oklahoma.

April 30, 1975.

## MEMORANDUM OPINION

CHANDLER, District Judge.

The above entitled cause came on for trial pursuant to regular assignment this 23rd day of April, 1975. Plaintiff appeared by counsel, Ronald R. Hudson, and defendant appeared by counsel, Paul J. Kessler and Ralph Zola. The parties announced ready, a jury having previously been waived, and the Court proceeded to receive evidence and hear the testimony of witnesses sworn and examined in open Court.

## FINDINGS OF FACT

The Court finds the facts to be that—

1. The defendant, AAACon Auto Transport, Inc., is a common carrier engaged in interstate commerce under the laws of the United States regulating interstate commerce, Title 49, United States Code.

2. The Court has original jurisdiction pursuant to the provisions of Title 49, United States Code, and Title 28, United States Code § 1337.

3. Defendant contracted with the plaintiff to transport a certain 1973 Lincoln Continental automobile from New Jersey to California.

4. Defendant hired a casual driver for the purpose of the interstate transportation, and took possession of the vehicle pursuant to the contract.

5. At all times material defendant was a carrier or bailee for hire as to plaintiff's vehicle.

6. Defendant's driver was negligent in the operation of the vehicle.

7. While the automobile was in the exclusive possession and control of defendant it was damaged and destroyed on December 17, 1973, in Oklahoma County, Oklahoma.

8. Defendant's tariff in force at the time of the contract between the parties, and filed with the ICC, contained no provision for arbitration of claims or disputes between the parties.

Ronald R. Hudson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., for plaintiff.

Paul J. Kessler, Kessler, Craig & Morgan, Edmond, Okl., Ralph J. Zola, Zola & Zola, New York City, for defendant.

9. Plaintiff had collision insurance coverage with the Fidelity and Casualty Company of New York who became subrogated to the rights and interests of plaintiff for damage and loss to the vehicle by reason of payment upon proof of loss.

10. As a result of the damage and destruction of the car in possession of defendant, the vehicle was unrepairable but had a fair market value of $8,225.00 when taken possession of by defendant. After deducting net salvage recovery, plaintiff and its subrogated insurance carrier sustained total damage in the sum of $7,648.25.

11. Defendant has paid to plaintiff the sum of $100.00 representing the deductible portion of the policy of insurance but said sum was not accepted by plaintiff in full settlement of its claim for damages as claimed by defendant.

12. Plaintiff and its subrogated insurance carrier, the Fidelity and Casualty Company of New York, are entitled to judgment against the defendant in the sum of $7,548.25 together with the costs of this action.

## CONCLUSIONS OF LAW

The Court concludes as a matter of law that—

1. Plaintiff is not required to arbitrate this dispute in New York State. The arbitration provisions of defendant's contracts and bill of lading are invalid, void, and unenforceable. There is no evidence before the Court that the arbitration provision relied upon by the defendant has ever been submitted to or approved by the Interstate Commerce Commission. In any event, the Uniform Bill of Lading which is a part of the tariff offered in evidence by defendant makes no reference to arbitration as a manner of settling claims resulting from the transportation of automobiles by defendant as an interstate carrier. Compulsory arbitration in the City of New York would unreasonably burden claimants such as the plaintiff here and is contrary to the obligations of a common carrier under applicable federal law. To allow defendant by contract to restrict the venue of claimants throughout the United States to arbitration in New York City would deprive them of the right to pursue their claims against carriers in a jurisdiction in which the carrier was doing business or conducting activities and would be an unreasonable impediment to the determination of carrier liability.

2. Defendant's Bill of Lading Agreement is grossly unfair to plaintiff on its face. The Court notes that the Bill of Lading Agreement is different from the Uniform Bill of Lading incorporated in defendant's tariff. Additionally, the arbitration provisions relied upon by defendant make no reference as to whom the arbitrator will be, unreasonably restrict the independence and power of the arbitrator to render a fair and impartial decision, and would require claimants to travel and produce witnesses thousands of miles from the place of loss. The arbitration provisions unlawfully allow defendant to require the strictest rules of evidence, limit the power of the arbitrator to strictly enforce the provisions of defendant's contract, and further provide that the arbitration decision shall not be final nor binding on defendant in the event the arbitrator should make an award which in defendant's opinion fails to strictly enforce defendant's agreement.

3. The arbitration provision of defendant's contract does not provide true arbitration of disputes, but is a device utilized by defendant in an attempt to unlawfully limit or avoid liability for just claims.

4. Defendant is not entitled to the benefit of the plaintiff's insurance with the Fidelity and Casualty Company of New York. The provisions of 49 U.S.C. § 20(11) impose liability on a common carrier for the full actual loss, damage, or injury to property being transported by it. The language of the statute fixes responsibility for such damages on the carrier, and not the

shipper, or a third party not a party to the contract for transportation.

■ 5. The contract of insurance issued by the Fidelity and Casualty Company of New York expressly provides that such insurance shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire. The subrogation rights of the insurance company may not be defeated by a contract to which it was not a party, and especially where such contract would be in violation of the terms of the insurance policy itself.

■ 6. There has been no accord and satisfaction of the dispute which is the subject matter of this action. The Court allowed defendant to amend its answer on the day of trial to allege an additional defense raising accord and satisfaction. However, the evidence presented established only that defendant may have paid to plaintiff that portion of the loss which was deductible under the policy of insurance on the vehicle.

7. The proof of loss offered in evidence by plaintiff established the payment by plaintiff's insurance carrier, and provided for this action to be brought in the name of the insured, Aluminum Products Distributors, Inc. No issue was raised by defendant as to capacity or real party in interest at or prior to trial.

8. Any action, proceeding, or order of the New York State Courts purporting to compel arbitration between the parties, stay this litigation, or enjoin the parties from proceeding in this action is not binding on the parties or this Court pursuant to pretrial order heretofore entered on the 25th day of February, 1975.

The plaintiff and its subrogated insurance carrier are entitled to recover judgment against the defendant in the sum of $7,548.25 together with costs of the action, for all of which let execution issue.