**Judith A. MILLER, Plaintiff-Appellee,**

v.

**AAACON AUTO TRANSPORT, INC.,
Defendant-Appellant.**

No. 76–2603

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1977.

---

11. *See* note 3 *supra*.

12. *See Clarence M. May*, 106 M.C.C. 118 (1967), *aff'd, May Trucking Co. v. United States*, 290 F.Supp. 38 (D.Idaho 1968).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1020**

Barry R. Shapiro, Fort Lauderdale, Fla., Ralph J. Zola, Michael G. Ames, New York City, for defendant-appellant.

Harry G. Carratt, Fort Lauderdale, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Defendant seeks review of the district court's order of April 13, 1976, vacating a prior stay entered pursuant to 9 U.S.C.A. § 3.[1] Defendant contends that the district court, once having entered a stay pending arbitration, was without authority to vacate the stay *sua sponte*. Defendant further argues that even if it had such authority, the court abused its discretion.

The district court's order granting the stay was equivalent to an injunction. *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 79 L.Ed. 583 (1934); *Jos. L. Muscarelle, Inc. v. American Timber & Trading Co., Inc.*, 404 F.2d 467 (5th Cir. 1968). An injunction may be modified or dissolved in the discretion of the court when conditions have so changed that it is no longer needed or is rendered inequitable. *Milk Wagon*

*Driver's Union v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 298, 61 S.Ct. 552, 85 L.Ed. 836 (1941); *Central Hanover Bank & Trust Co. v. Callaway*, 135 F.2d 592, 595 (5th Cir. 1943); *Jones v. Mississippi Valley Barge Line Co.*, 107 F.Supp. 157 (W.D.Pa.1952). Accordingly, cases have held vacation of a stay proper where the defendant seeking the stay hindered the progress of arbitration or where the parties had not concluded the proceedings within the time specified by the court. *See Nederlandse Erts-Tankersmaatschappij, N. V. v. Isbrandtsen Co.*, 339 F.2d 440 (2d Cir. 1964); *Cargo Carriers v. Erie & St. Lawrence Corp.*, 105 F.Supp. 638 (W.D.N.Y.1952).

From the record on appeal, we are unable to discern whether plaintiff or defendant, or both, were responsible for the delay in instituting arbitration proceedings. The district court simply stated that the purpose of arbitration—to provide a speedy, efficient means to resolve the dispute between the parties—had not been accomplished. Had the failure of arbitration been caused by plaintiff's dilatory tactics, vacating the stay may have been improper, since plaintiff would be profiting from her own wrongdoing. Had defendant been at fault, however, vacating the stay could well be appropriate, since defendant originally sought the stay.

Of course, the district court would always have authority to set aside a stay improvidently granted. 4A C.J.S. *Appeal & Error* § 659 (1957). Once being satisfied, however, "that the issue involved in such suit or proceeding is referable to arbitration under such an agreement," the district court seems to be required by § 3 to, upon application, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,

---

1. 9 U.S.C.A. § 3:

    *Stay of proceedings where issue therein referable to arbitration*

    If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C.A. § 3. *See Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers Local 437*, 207 F.2d 450, 454 (3d Cir. 1953); *cf. Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Warren Bros. Co. v. Cardi Corp.*, 471 F.2d 1304, 1309 (3d Cir. 1973).

Accordingly, the case is remanded to the district court to resolve the factual issues that have been asserted on this appeal and to reconsider the vacation of its stay in light of the foregoing authorities.

REMANDED.