Judith A. MILLER, Plaintiff,

v.

AAACon AUTO TRANSPORT,
INC., Defendant.

No. FL 74–196–Civ–NCR.

United States District Court,
S. D. Florida,
Fort Lauderdale Division.

June 30, 1977.

Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for plaintiff.

Barry R. Shapiro, Fort Lauderdale, Fla., for defendant.

## MEMORANDUM OPINION

ROETTGER, District Judge.

Plaintiff filed suit to recover for the loss of her 1971 Camaro which was shipped by defendant AAACon Auto Transport from San Francisco to Fort Lauderdale. It appears that her journey from complaint to recovery, if eventually warranted, has become as long and arduous as the trip taken by her car.

Pursuant to the decision of the Fifth Circuit Court of Appeals remanding this case for additional findings of fact, 545 F.2d 1019 (1977), this cause is again before this court for reconsideration of its order of April 13, 1976 which set aside a stay pending arbitration.

Upon consideration of the record, including evidence and argument of counsel presented at the hearing held April 1, 1977, the court makes findings of fact and conclusions of law as set forth in this order.

Plaintiff filed this suit in state court in Fort Lauderdale on June 17, 1974; the case was removed to Federal Court on July 3, 1974. Subsequently in the summer of 1974, Peter Broderick, a New York attorney hired in behalf of plaintiff, called Mr. Lefkowitz of AAACon to ask about settlement of this case. Broderick, confident of the merits of plaintiff's claim, made demand for 80% of the value of the car plus about $150 in expenses. Lefkowitz called back and stated that defendants did not feel that there was any liability for the missing car—that they had a defense of "act of God"—and that they could offer only $700. After conferring twice with plaintiff, Broderick called Lefkowitz again and stated that $700 was unacceptable and that a rock bottom demand would be $1,800.

Similar conversations recurred approximately every two to three weeks. Finally Lefkowitz offered $800 but Broderick said they would have to arbitrate. Lefkowitz agreed. A motion to stay this case pending arbitration was granted by this court on September 12, 1974 and counsel were ordered to notify the court of the status of the arbitration in six months.

Defendant refused to pay one-half of the $150 fee for arbitration. Instead, AAACon insisted that plaintiff pay the costs and demanded a stipulation from plaintiff that the arbitrator would be bound by the laws and rules of evidence of the State of New York. Plaintiff's counsel refused to pay the costs claiming that was not in compliance with the practice and procedure of the American Arbitration Association, and refused to sign the stipulation. Subsequently plaintiff's counsel again tried to negotiate a settlement. Plaintiff's demand dropped to $1,500; this was rejected by Lefkowitz who again refused to pay one-half of the arbitration fee and insisted on the stipulation that New York law applied.

In December of 1975, Broderick left his practice with the firm he had been associated with, and the case was put on the back shelf.

Inasmuch as eighteen months had passed with no semi-annual reports from counsel as required by this court's order of stay, the court set aside the stay and reinstated this case on April 13, 1976.

### Plaintiff's Conduct

██ The court finds that plaintiff made a good-faith effort to submit her claim to arbitration, but the major obstacle to arbitration was the uncompromising—and unwarranted—position taken by defendant concerning the payment of fees and conditions to be imposed.

Although plaintiff may have been guilty of some neglect in not diligently pursuing the claim after several months of negotiations, the impasse already had been reached at that point in time as a result of defendant's insistence on unreasonable terms of arbitration. Therefore the failure of the parties to submit the claim to arbitration was not the result of dilatory conduct on the part of plaintiff. Under the circumstances the court finds that any further stay of this case would not only be inequitable but futile.

### CONCLUSIONS OF LAW

#### Validity of this Arbitration Clause

Although the validity of the arbitration clause was not raised on appeal, plaintiff initially raised the question under Florida law in a motion to reconsider the court's order of stay. In light of recent cases on this issue, the court will consider it as an alternative ground for its decision to set aside the stay.

The issue of the validity of AAACon's arbitration clause was considered in a recent opinion by the Second Circuit, *AAACon Auto Transport v. State Farm Mutual Insurance Co.*, 537 F.2d 648 (2nd Cir. 1976), cert. denied, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977). After a thorough examination of legislative history and case

law, the court concluded that the arbitration clause limiting venue to New York was a "limitation of liability" and therefore invalid under § 2011 of the Interstate Commerce Act, 49 U.S.C. § 20(11). Additionally, the court found that the clause was invalid under 49 U.S.C. § 317(a) because the Interstate Commerce Commission had refused to approve the tariff filed by defendant containing the arbitration clause as violative of 49 U.S.C. § 316(b). The court found it unnecessary to reach the question of whether or not the clause was unconscionable and therefore also a violation of 49 U.S.C. § 316(b) itself.[1] This court is persuaded by the reasoning of *AAACon Auto Transport v. State Farm Mutual, supra,* that AAACon's arbitration clause is invalid.

■ This court must observe that the decision in *AAACon Auto Transport v. State Farm Mutual, supra,* was issued on June 9, 1976, several months prior to the decision of the Fifth Circuit in the instant case.[2] Clearly the Second Circuit decision was not brought to the attention of the Fifth Circuit because the Fifth Circuit's opinion does not treat the matter of validity in any respect. Although it would have been in the best interests of plaintiff to have raised the matter, it was incumbent upon AAACon's counsel—particularly since they must have had knowledge of the Second Circuit's decision—to have brought it to the attention of the Fifth Circuit.

The Second Circuit in *AAACon Auto Transport v. State Farm Mutual, supra,* pointed out the harsh inequity involved in forcing individual automobile owners who are private shippers to arbitrate their claims in New York, facing the fact that

the damages are not extensive. The instant case is a classic example of the unjust effect of the arbitration clause in AAACon's shipping contract. The negotiations between the instant parties demonstrate the unequal bargaining power given AAACon with its "hammer" of the clause requiring arbitration in New York City.

In *Aluminum Product Distributors, Inc. v. AAACon Auto Transport, Inc.,* 404 F.Supp. 1374 (W.D.Okl.1975), cited with approval by the Second Circuit in *AAACon Auto Transport v. State Farm Mutual, supra,* the district court held the arbitration clause of AAACon invalid as "grossly unfair to plaintiff on its face".

The Court in *Aluminum Product Distributors* went on to hold:

"The arbitration position of defendant's contract does not provide true arbitration disputes, but is a device utilized by defendant in an attempt to unlawfully limit or avoid liability for just claims." *Id.* at 1376.[3]

■ Although the evidence presented so far in this case is insufficient for a determination that defendant's conduct was a deliberate attempt to avoid liability on a just claim, there is no question from the record that defendant's policy had a deterrent effect on plaintiff's willingness and financial ability to pursue her claim. Therefore the court must concur in the conclusion of the Second Circuit that AAACon's arbitration clause is invalid as a limitation of liability prohibited by § 20(11) of the Interstate Commerce Act, 49 U.S.C. § 20(11). In addition, this court reaches the issue not decided by the Second Circuit and finds that the clause is "unconscionable" in violation of 49

1. 49 U.S.C. § 316(b) provides:
   *Rates, facilities for carriers of property*
   (b) It shall be the duty of every common carrier of property by motor vehicle to provide safe and adequate service, equipment, and facilities for the transportation of property in interstate or foreign commerce; to establish, observe, and enforce just and reasonable rates, charges, and classifications, and just and reasonable regulations and practices relating thereto and to the manner and method of presenting, marking, packing, and delivering

property for transportation, the facilities for transportation, and all other matters relating to or connected with the transportation of property in interstate or foreign commerce.

2. The notice of appeal was filed on May 12, 1976; the decision of the Fifth Circuit was entered January 24, 1977 and the mandate was issued February 17, 1977.

3. An appeal from this decision is pending before the Tenth Circuit.

U.S.C. § 316(b). As such, it is invalid under 9 U.S.C. § 2.

Having concluded on the basis of the entire record that a further stay of this case would be contrary both to equity and law, it is accordingly

ORDERED AND ADJUDGED that this court's prior order of April 13, 1976, setting aside a stay of this case is hereby affirmed in all respects, it being

FURTHER ORDERED AND ADJUDGED that this case is hereby set on this court's trial calendar commencing August 29, 1977.