Salvatore MONTAGNA, Jr.,
Plaintiff, Appellee,

v.

AAACON AUTO TRANSPORT, INC.,
Defendant, Appellant.

No. 82–1728.

United States Court of Appeals,
First Circuit.

Submitted Jan. 7, 1983.

Decided May 20, 1983.

Donald J. Orkin, and Mills, Orkin & Kaplan, Boston, Mass., on brief, for defendant, appellant.

D. Alice Olsen, and Morrison, Mahoney & Miller, Boston, Mass., on brief, for plaintiff, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

In March 1976 Salvatore Montagna contracted with AAAcon Auto Transport, an interstate carrier, to have his car driven from Dania, Florida to Waltham, Massachusetts by a "casual driver." The car was wrecked beyond repair in an accident in Kittery, Maine before being delivered to Montagna in Waltham as promised. The question in this case is who should bear the cost of the accident: Montagna's insurance company or AAAcon?

The contract between Montagna and AAAcon, captioned a "Bill of Lading Agreement" provided inter alia:

> Should carrier be liable on account of loss or damage to any of said property, it shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not void the contracts of insurance, provided that carrier reimburse the claimant for the premium paid thereon.

Under the Interstate Commerce Act, 49 U.S.C. § 20(11), a carrier such as AAAcon is liable to a shipper for loss, damage or injury to property while in transit pursuant to a bill of lading. Montagna carried a Massachusetts combination motor vehicle insurance policy on his car. This policy provided that "[t]he insurance afforded by this policy shall not inure directly or indirectly to the benefit of any carrier or bailee liable for loss to the insured motor vehicle." Montagna's policy also provided that "[i]n the event of any payment under this policy, the [insurance] company shall be subrogated to all the insured's rights of recovery."

Montagna's insurance company, Commercial Union Assurance Companies, paid him the market value of his car under the poli-

cy. In this action, originally brought in state court and removed by AAAcon, Commercial Union seeks to recover from AAAcon pursuant to the subrogation clause in Montagna's insurance policy. The district court granted summary judgment for Montagna on stipulated facts on the ground that Montagna's insurance policy precluded AAAcon from benefiting from the policy. The court found that the cases cited by AAAcon were not on point, because although they found benefit of insurance clauses such as the one in the instant bill of lading consistent with the Interstate Commerce Act, they did not favor such clauses over conflicting provisions in shippers' insurance policies (no such provisions were at issue in those cases).

On appeal, AAAcon argues (1) that AAAcon is entitled to the benefit of Montagna's insurance; and (2) that even if it is not, Montagna's insurance company was a volunteer whose payment to Montagna cancelled any obligation AAAcon may have had.

We think the district court's judgment was correct. The bill of lading itself states that AAAcon shall have the benefit of a shipper's insurance only "so far as this shall not void the contracts of insurance." This provision suggests that in the event of inconsistency, the insurance contract prevails. *Aluminum Product Distributors, Inc. v. AAAcon Auto Transport, Inc.,* 404 F.Supp. 1374 (W.D.Okl.1975), aff'd, 549 F.2d 1381 (10th Cir.1977), is directly on point. In that case the plaintiff's insurance policy explicitly provided that the insurance "shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire." The court found that AAAcon was not entitled to the benefit of plaintiff's insurance, stating: "The subrogation rights of the insurance company may not be defeated by a contract to which it was not a party, and especially where such a contract would be in violation of the terms of the insurance policy itself." *Id.* at 1377. In most of these cases, the insurance contract predates the bill of lading. Following AAAcon's argument would allow a carrier to escape the consequences of its actions whenever the shipper's insurance covered loss for which the carrier is liable. *Anton v. Greyhound Van Lines, Inc.,* 591 F.2d 103, 109–10 (1st Cir.1978). At a time when most car owners have insurance, *see, e.g.,* M.G.L. c. 90 § 1A (Compulsory Motor Vehicle Insurance), such an approach would not encourage the carrier, which is in the best position to avoid the damage, to do so.

AAAcon cites *Mid-City Shopping Center, Inc. v. Consolidated Mutual Insurance Co.,* 58 Misc.2d 997, 297 N.Y.S.2d 375 (1969), to support its argument that Commercial Union was a volunteer when it paid Montagna for the damage to his car. We find nothing in the record to suggest that AAAcon raised this issue below. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir. 1979). But in any case, the argument is without merit. The terms of the policy do not suggest, as AAAcon argues, that it was void in the circumstances of this case. And the Appellate Division of the New York Supreme Court reversed the *Mid-City* decision cited by AAAcon, stating that "[t]he terms 'subrogation' and 'volunteer' should not be interposed as a barrier to a valid existing claim especially when it is considered that subrogation rests upon equitable principles and may be employed to prevent unjust enrichment." *Mid-City Shopping Center v. Consolidated Mutual Insurance Co.,* 35 A.D.2d 1053, 316 N.Y.S.2d 742, 743 (1970). *See also Continental Casualty Co. v. Fireman's Fund Insurance Co.,* 403 F.2d 291, 334–35 (10th Cir.1968); 8A J.A. Appleman, *Insurance Law & Practice* § 4921 at 538, § 4922 at 550 (1981).

*Affirmed.*