**John F. XAPHES, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Tucker Anthony & R.L. Day, Inc., and Mark B. Billings, Defendants.**

**Civ. No. 80–0132 P.**

United States District Court, D. Maine.

Sept. 26, 1984.

John J. O'Leary, Jr., John S. Upton, Portland, Maine, for plaintiff.

Thomas H. Allen, Richard A. Carriuolo, Drummond, Woodsum, Plimpton & MacMahon, Portland, Maine, for Merrill Lynch, Pierce.

P. Benjamin Zuckerman, Charles Kadish, Verrill & Dana, Portland, Maine, James E. McGuire, Warren D. Hutchinson, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Tucker, Anthony & R.L. Day, Inc.

Thomas Schulten, Priscilla F. Gray, Thomas Wheatley, Perkins, Thompson, Hinckley & Keddy, Portland, Maine, for Mark B. Billings.

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE STAY OF PROCEEDINGS ON COUNTS V THROUGH XII**

GENE CARTER, District Judge.

In 1980, Plaintiff filed his complaint alleging in Counts I through IV that Defendants had violated both the Maine and federal securities laws. Counts V through XII set forth various claims for relief based on common law theories. Defendants filed motions to dismiss and to stay proceedings pending arbitration. In his recommended decision of November 16, 1981, the United States Magistrate determined that Counts V through XII should be referred to arbitration with proceedings in this Court on those counts stayed pending their referral. He also recommended that Plaintiff not be compelled to initiate arbitration on these claims within a certain period. Merrill Lynch objected to the latter recommendation of the Magistrate, but no party objected to the recommendation that the common law claims be stayed. In an order filed June 9, 1982, this Court overruled Merrill Lynch's objections and approved the Magis-

trate's recommended decision *in toto*. Plaintiff now seeks by motion to have the Court reconsider its granting of the stay and vacate it on the grounds that it was improvidently granted.[1]

Plaintiff asserts that the law addressing the issue of whether arbitrable and nonarbitrable claims should be severed or tried together has developed significantly since the Magistrate recommended severance in this case and that the cases following the so-called intertwining doctrine and suggesting a unified trial are the most persuasive. Since the Magistrate did not have the benefit of this new case law, Plaintiff argues, the stay was improvidently granted.

Initially the Court notes that neither the Supreme Court nor the First Circuit has spoken on the issue at hand, so there is no *binding* precedent for this Court. The fact that the Supreme Court has granted *certiorari* in order to address the issue of severance of arbitrable from nonarbitrable claims in no way bears upon the decision to be made here. It merely shows that the issue is one on which the circuits are divided.

Contrary to Plaintiff's assertion, the issue had been addressed by at least four circuits [2] before the Magistrate issued his recommended decision in 1981. *See, Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638, 643–46 (7th Cir.1981); *De Lancie v. Birr, Wilson & Co.*, 648 F.2d 1255, 1258–59 n. 4 (9th Cir.1981); *Miley v. Oppenheimer & Co., Inc.*, 637 F.2d 318, 335–37 (5th Cir.1981); *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017 (6th Cir.1979). Although the Fifth, Ninth and Sixth Circuits had endorsed Plaintiff's position, he failed to bring these cases to the attention of either the Magistrate or later, Judge Gignoux. Counsel's neglect in this respect does not warrant reconsideration of the issue by the Court.

Relying on the research of the parties and citing district court cases, the Magistrate noted that the majority of the courts had severed the common law claims. He quoted and accepted as sound the reasons given by the district court for compelling arbitration in *Peacock v. Oppenheimer & Co., Inc.*:

> By compelling arbitration of the common law counts in plaintiff's complaint, we believe we are only ordering the parties to do what they bargained for ... [N]umerous issues relevant to the common law claims, e.g., the existence of a fiduciary relationship between the parties or the negligent nature of defendants' conduct will not be determined in the resolution of the securities law claims. Defendant is entitled to an arbitration panel's resolution of those issues.

**1.** Plaintiff's motion ostensibly is addressed to the inherent power of the Court to reconsider its own orders. *See Miller v. AAAcon Auto Transport, Inc.*, 545 F.2d 1019 (5th Cir.1977), *cert. denied*, 449 U.S. 918, 101 S.Ct. 315, 66 L.Ed.2d 145. This would be the appropriate motion if the stay order were interlocutory. If, on the other hand, the stay order were a final order, the Court would find it necessary to treat the motion as one brought under Fed.R.Civ.P. 60(b). The determination of whether a stay order is a final appealable order depends on whether the action stayed is predominantly legal or equitable. The Court does not find it necessary to make this determination and thus to venture into what the First Circuit has termed "a Serbonian Bog, where cases whole have sunk from sight." *Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724, 727 (1st Cir.1983). The Court can discern no difference in the manner in which it must decide a motion addressed to its inherent authority and one brought under Rule 60(b)(6), the appropriate prong of Rule 60(b). None of the first five subsections of Rule 60(b) is apposite to Plaintiff's claim. Subsection 6 of Rule 60(b) provides relief upon motion "made within a reasonable time" and "upon such terms as are just" for "any other reason [than those enumerated in subsections (1) through (5)] justifying relief from judgment." In other words, a Rule 60(b)(6) motion is addressed to the Court's sound discretion, just as is a motion addressed to the Court's inherent authority.

**2.** In the analogous situation of arbitrable pendent state claims joined with nonarbitrable federal antitrust claims, the D.C. Circuit also rejected the idea that the claims must be tried together. *Lee v. Ply*Gem Industries*, 593 F.2d 1266, 1274–75 (D.C.Cir.1979).

**964**

CCH Federal Securities Law Reports ¶ 97,-201 (N.D.Ill.1979). Since issuance of the Magistrate's opinion, two circuits, the Eighth and the Sixth (altering its previous opinion) have rejected the so-called intertwining doctrine and ordered the proceedings severed, using reasoning similar to that in the case relied upon by the Magistrate. *See Surman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 733 F.2d 59, 63 (8th Cir.1984); *Liskey v. Oppenheimer & Co., Inc.*, 717 F.2d 314, 320 (6th Cir. 1983). The Eleventh Circuit, following Fifth Circuit precedent, has recently adopted the intertwining doctrine, as has the Ninth Circuit, which had previously only noted its position. *See Belke v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 693 F.2d 1023 (11th Cir.1982); *Byrd v. Dean Witter Reynolds, Inc.*, 726 F.2d 552, 554 (9th Cir.1984). Although the Magistrate may have been mistaken concerning the "majority" opinion in 1981, the Court does not now perceive a dramatic turn away from the position taken by the Magistrate in his recommended decision. Instead, it appears that the Magistrate's position, accepted by the Court and unobjected to at the time by Plaintiff, remains inherently sound. The Court sees no reason to reconsider that decision, therefore, on the grounds that the law has developed since Defendant's motion was initially granted.

Even if there were merit to the Plaintiff's claim that changed circumstances require reconsideration of the stay, the Court would be reluctant to grant such a motion at this late date. Although the Magistrate's decision was approved by this Court in June 1982, Plaintiff did not file his motion for reconsideration until August 14, 1984, exactly two weeks before the scheduled Final Pretrial Conference in this case. Plaintiff's argument concerning the law in this area could as easily have been made in 1982 as now. The granting of Plaintiff's motion to add eight claims to an already complex case which is less than seven weeks from commencement of trial would obviously work a severe hardship on De-

fendants' ability adequately to prepare their case and could well require a delay of trial of one of the oldest cases on the Court's docket. The granting of such a motion, therefore, could hardly be said to serve the interests of justice.

Accordingly it is ORDERED that Plaintiff's Motion to Vacate the Stay on Counts V Through XII be, and is hereby, DENIED.

So ORDERED.