Josephine C. **VELLONE** Plaintiff

v.

**FIRST UNION BROKERAGE SERVICES, INC., et al.** Defendants

Civil No. PJM 00–159.

United States District Court, D. Maryland.

Feb. 27, 2001.

Eva Petko Esber, Williams & Connolly, Washington, DC, Michael J. Leotta, Mauita Elaine Horn Williams and Connolly, Washington, DC, Julia B. Shelton, Law Office PH, Washington, DC, for Josephine C. Vellone.

---

Stephen J. Hughes, Michaael S. Barranco, Treanor, Pope & Hughes, Towson, MD, Clifford B. Geiger, Kollman and Sheehan, Baltimore, MD, Grady C. Frank, Jr., LeClair Ryan, Alexandria, VA, for Wayne E. Jackson.

Kurt Berlin, Jeffrey Carl Tuckfelt, Obergh and Berlin, Washington, DC, for Kids in His Care Christian Daycare Center, Inc., Ritza Whatley, Ennis Whatley, Sapphire Ministries, Inc.

## MEMORANDUM OPINION

MESSITTE, District Judge.

■ Plaintiff Josephine C. Vellone has sued First Union Brokerage Services, Inc. and its employee Wayne Jackson ("the First Union Defendants"), as well as others,[1] on the grounds that Jackson improperly caused a transfer of assets belonging to Vellone and her husband to various third parties connected with Jackson. Vellone seeks an accounting as well as damages against First Union, Jackson and the others.

The Defendants have filed a number of motions:

1) The First Union and the Whatley Defendants have filed Motions to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction;

2) The First Union Defendants have filed Motions to Enforce Arbitration Agreement and Dismiss, or, in the Alternative, to Stay Proceedings Pending the Arbitration; and

3) The First Union Defendants have filed Motions to Stay the Action Pending the Outcome of a Parallel Federal Criminal Proceeding involving Jackson.

Vellone has opposed the motions.

The Court heard argument on the motions, at the conclusion of which it stated its decision to deny the Motions of First Union and the Whatley Defendants to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction. The Court also stated at the conclusion of the argument that it would grant the Motions to Enforce Arbitration Agreement. It declined, however, to enter an order disposing of those Motions, pending further briefing from the parties with respect to the issue of whether the Motions to Stay the Action Pending the Outcome of Parallel Federal Criminal Proceeding involving Jackson should be dismissed as moot in light of the ruling on the Motions to Enforce Arbitration Agreement or whether they should be denied without prejudice. The Court expressed concern over this issue, given the possibility (not expressly disavowed by the First Union Defendants) that before the arbitrator the First Union Defendants might renew their request to stay the arbitration pending the outcome of the parallel federal criminal proceeding against Jackson. Vellone voiced strong opposition to that possibility, hence the Court's request for further briefing of the issue.

Having received the submissions of the parties, the Court concludes that, notwithstanding its oral ruling granting the First Union Defendants' Motions to Enforce Arbitration Agreement, it retains jurisdiction to address the Motions to Stay Pending the Outcome of the Parallel Federal Criminal Proceeding, which were fully briefed and argued before it and taken under advisement prior to the ruling on the arbitration issues.

■ In the first place, Vellone is correct that the Court did not dismiss her

---

1. The other Defendants—Ritza (a.k.a.Rita) and Ennis Whatley, Kids in His Care Christian Day Care Center, Inc. ("KIHC") and Sapphire Ministries, Inc.—will be referred to as the "Whatley Defendants."

claims against First Union and Jackson, but simply indicated that those claims would be stayed pending the arbitration. The claims thus remained *sub judice.* The Court also notes that "a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award." *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 705 (2d Cir.1985). This includes the power to take appropriate steps to ensure that the arbitration actually goes forward. *See LaPrade v. Kidder Peabody & Co., Inc.,* 146 F.3d 899 (D.C.Cir.1998) (where district court stayed action pending arbitration and plaintiff obtained *ex parte* order from state court staying arbitration, district court properly lifted stay imposed by state court and entered sanctions against plaintiff's counsel), *cert. denied,* 525 U.S. 1071, 119 S.Ct. 804, 142 L.Ed.2d 664 (1999); *see also Miller v. Aaacon Auto Transport, Inc.,* 545 F.2d 1019 (5th Cir.1977) ("[C]ases have held vacation of a stay [pending arbitration] proper where the defendant seeking the stay hindered the progress of arbitration or where the parties had not concluded the proceedings within the time specified by the court.") (citations omitted).

The Court believes that the most unequivocal way to communicate to the parties and the arbitrator that the arbitration proceedings are *not* to be stayed by reason of the pending criminal investigation involving Jackson would be for the Court to deny the motions without prejudice. Accordingly the Court will enter an order denying without prejudice the Motions to Stay Pending the Outcome of the Parallel Federal Criminal Proceeding, will order the parties to submit to arbitration, and will stay but not dismiss Vellone's claims against First Union and Jackson pending the arbitration.

As a final matter, it appears that the parties have agreed that the Court's order compelling arbitration should specify that the matter must be arbitrated before the American Arbitration Association pursuant to its Commercial Arbitration Rules, as well as its Optional Procedures for Large, Complex Commercial Disputes.

A separate Order incorporating these decisions will issue.

### ORDER

The Court has held a hearing on various motions. Accordingly, for the reasons stated on the record in the accompanying Memorandum Opinion issued this date, it is this ___ day of February, 2001

ORDERED:

1) Defendants First Union, Jackson, Kids in His Care Christian Day Care Center, Inc., Ritza Whatley, Ennis Whatley, and Sapphire Ministries, Inc.'s Motions to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction (Papers 34, 35 and 36) are DENIED;

2) Defendants First Union and Jackson's Motions to Stay the Action Pending the Outcome of a Parallel Federal Criminal Proceeding (Papers 43 and 45) are DENIED WITHOUT PREJUDICE;

3) Defendants First Union and Jackson's Motions to Enforce Arbitration Agreement and Dismiss, or, in the Alternative, to Stay Proceedings (Papers 11 and 12) are GRANTED IN PART and DENIED IN PART:

   a) Specifically the Motions to Enforce Arbitration Agreement and Stay Plaintiff's Claims in this Court are GRANTED, but the Motions to Dismiss Plaintiff's claims are DENIED;

   b) Pursuant to the agreement of the parties and American Arbitration As-

sociation Rule L–1, the dispute between Plaintiff First Union and Jackson shall be resolved before the American Arbitration Association pursuant to its Commercial Arbitration Rules as well as its Optional Procedures for Large, Complex Commercial Disputes.